UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

DAHKEEM MILLER, JOSE GUITY, TRAVIS BUTLER,
ARIAN PERALTA, GARY GARCIA, Jr., and BOBBY
DEE CRUZ, on their own behalf and on behalf of others
similarly situated,

                                        Plaintiffs,

                    -against-

THE CITY OF NEW YORK, CYNTHIA BRANN,
TIMOTHY FARRELL, HAZEL JENNINGS, and
BRENDA COOKE,

                                        Defendants.

--------------------------------------------------------------------- x

**STIPULATION AND
PROTECTIVE ORDER
CONCERNING THE
INSPECTION OF CERTAIN
AREAS OF THE N.Y.C.
DEPT. OF CORRECTION'S
MANHATTAN DETENTION
CENTER AND RIKERS
ISLAND**

1:21-cv-02616-PKC

    **WHEREAS**, the parties desire access to the New York City Department of

Correction's ("DOC") Manhattan Detention Center and Rikers Island (the "DOC Facilities") for

the purposes of inspecting and taking photographic images of certain areas of "9 South," "West

Facility," and "North Infirmary Command" pertaining to the above-referenced case (the

"Images");

    **WHEREAS,** because of security concerns, Defendants and the New York City

Department of Correction reserve the right to claim that some or all of the Images should be

deemed and treated as confidential;

    **WHEREAS,** Plaintiffs do not concede that some or all of the Images will be

appropriately deemed confidential, and reserve the right to challenge any confidentiality

designations;

    **WHEREAS,** Defendants object to granting Plaintiff's counsel access to the DOC

Facilities for the purpose of inspecting and taking photographs unless appropriate measures are

undertaken for purposes of confidentiality and security, and Plaintiffs' counsel agrees to abide by

such measures, as specified in the terms and conditions set forth below; and

**WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the Plaintiffs and Defendants, respectively, as follows:

1. Defendants may designate any or all of the Images as "Confidential Materials" if Defendants conclude in good faith that for security or other appropriate reasons, disclosure of some or all of the Images should be limited.

2. To facilitate Defendants' ability to consider whether some or all of the Images are appropriate to be deemed Confidential Materials, counsel for Plaintiffs shall, within thirty (30) days after the visit to the DOC Facility, produce to counsel for Defendants (a) native format files of all Images taken during the above-mentioned site visits through digital photography and/or (b) color duplicates of all of the Images taken during the above-mentioned site visits through film photography, regardless of their quality.

3. Within thirty (30) days of such production, counsel for Defendants shall inform counsel for Plaintiffs (a) which, if any, of the Images Defendants have deemed to be Confidential Materials, and (b) whether Defendants assert that any of the Images show any of the prohibited items and/or locations set forth in Paragraph 14 below.

4. To the extent that Plaintiffs (a) object to any of Defendants' designations of Confidential Materials or (b) disagree that any of the Images identified by Defendants show prohibited items and/or locations, counsel for the parties shall meet and confer and attempt in good faith to resolve the dispute by mutual agreement.

2

5.      If Plaintiffs do not object to Defendants' designations of Confidential Materials or to Defendants' assertion that any of the Images show prohibited items or locations within thirty (30) days of Defendants' designations, Defendants' designations will be confirmed.

6.      If any dispute regarding Defendants' designation of Confidential Materials or regarding the alleged photographing of any prohibited items and/or locations cannot be resolved among counsel, either party may seek judicial intervention and request that the Court confirm or remove the confidentiality designation.  Any materials or information subject to such a dispute shall be treated as Confidential Materials pursuant to the terms set forth in Paragraph 8 below (and, in the case of a dispute regarding the alleged photographing of any prohibited items and/or locations, shall be maintained as attorneys'-eyes-only) until the parties resolve the dispute or the Court issues its ruling regarding the dispute.

7.      The failure of Plaintiffs to seek judicial intervention concerning the confidentiality designation of any document or documents shall not be deemed an agreement by Plaintiffs that such document or documents are Confidential, nor shall it create any presumption that such document or documents are Confidential and/or that any such document or documents should be filed under seal.

8.      After such time as the designations of Confidential Materials have been resolved by the parties or adjudicated by the Court, Plaintiffs' attorney(s) shall not disclose the Confidential Materials to any person not a member of the staff of their law office(s) except under the following conditions:

(a)      Plaintiffs may be shown the Images but shall not be given electronic or paper copies of the Images, and Plaintiffs shall not otherwise take photographs of or reproduce the Images in any way;

3

(b)     Disclosure may be made to experts retained or specially employed by Plaintiffs, or their attorney(s), in connection with litigating this action, or to a witness at a deposition, or to the Court;

(c)     Before any disclosure is made to Plaintiffs or a person listed in subparagraphs (a) or (b) above (other than to the Court), Plaintiffs' attorney(s) shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

9.     Plaintiffs' attorney(s) shall not use Confidential Materials for any purpose other than for the litigation of the above-entitled case.

10.     Plaintiffs' attorney(s) shall provide any individual accompanying them to the DOC Facilities with a copy of this Stipulation and Protective Order, and such person shall read same and consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than for the preparation for and/or presentation at the trial of this action, and not to further disclose the Confidential Materials.  The original of each signed consent form shall be retained by plaintiffs' attorney(s) and a copy thereof shall be brought to the inspection and given to counsel for Defendants.

11.     Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall, upon a request to the court reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of

4

the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

12.     Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of the Court addressing the specific documents or portions of documents to be sealed.  Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006), and any other controlling authority.  Unless otherwise ordered, if Plaintiffs seek to file Confidential Materials, they shall so advise Defendants' attorneys fourteen (14) days in advance, specifying the precise portion of the Confidential Materials that Plaintiffs seek to use, the general purpose thereof, and any redactions to which the Plaintiffs do not object. Within seven (7) days thereafter, Defendants may make an application to seal, indicating the portion or portions of the information that they seek to have sealed.  Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

13.     Within thirty (30) days after the termination of this case, including any appeals, the "Confidential Materials," including all original, copies and non-conforming copies of any photographs. negatives or digital camera files, print images, sketches, computer-generated likenesses or visual depictions. notes, and other materials containing or referring to information derived therefrom, shall be returned to the Defendants' attorneys, or, upon their consent, destroyed, except to the extent such materials were made part of any motion or trial record, and all persons who possessed such materials shall verify their return or destruction by affidavit

furnished to defendants' attorneys, which affidavit shall include the manner and timing of its destruction, and that no copies were made and not destroyed.

14.     Plaintiffs' attorney(s), photographer, and/or anyone else accompanying them to the DOC Facilities shall not under any circumstances inspect, photograph, or draw in any fashion the following items and/or locations during the above mentioned site visit:  any type of key, lock, locking mechanism, keyholes, doorknobs and/or other similar equipment used to secure the doors, gates and windows (except to the extent that any of the aforementioned prohibited items appear in the background of a photograph taken for a permissible purpose in connection with the inspection of the DOC Facilities); and any inmate, or police or correction personnel whether in uniform or not, who are observed at the DOC Facility.  The attorneys and/or anyone accompanying them may not bring or use a video camera, tape recorder, wide angle camera, or cell phone.  Furthermore, any digital cameras and/or devices capable of operating in a video recorder, tape recorder, and/or wide-angle camera mode may not be operated as such while the attorneys and/or anyone accompanying them are present inside of the DOC Facility.

15.     Plaintiffs' attorney(s) shall not speak to any inmate for any reason.

16.     Plaintiffs' attorney(s) shall not interview or question any DOC staff for any reason, unless given explicit permission by Defendants' attorneys.

17.     If at any time it appears to the Defendants' attorneys, Department's counsel, and/or DOC staff present during the site visit that Plaintiffs' attorney(s), whether inadvertently or not, are inspecting or taking photographs or drawings of any prohibited item, area, or individual described above. Plaintiffs' attorney(s) may be immediately directed and expected to cease inspecting, photographing, or drawing and the site inspection may be terminated, in which case

Plaintiffs' reserve the right to take the position that they were not adequately afforded access to the Facilities.

18.     The parties agree to jointly request that the Court enter this Stipulation and Protective Order as an Order of the Court.  The failure of the Court to enter this Stipulation and Protective Order shall not void or otherwise alter the agreement between the parties.

19.     Nothing in this Stipulation and Protective Order shall be construed to limit the Department's use of the Confidential Materials in any manner.

20.     This Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

21.     The terms of this Stipulation and Protective Order shall be binding on all current and future parties to this Action and their counsel.

22.     This Stipulation and Protective Order shall survive the termination of this Action and shall continue to be binding upon all parties to whom the Confidential Materials were produced or disclosed after the conclusion of this Action.

Dated: New York, New York
      October 28, 2021

CUTI HECKER WANG, LLP
*Attorneys for Plaintiffs*
305 Broadway, Suite 607
New York, New York 10007

GEORGIA M. PESTANA
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By: _____
     Eric Hecker

By: _____
     JOSEPH GUTMANN

SO ORDERED:

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

**11/22/2021**

8

EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the attached Stipulation of Confidentiality and Protective Order issued in the action entitled *Miller et al. v. City of New York et al.*, Case No. 21-cv-2616-PKC, and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than as permitted by the Stipulation of Confidentiality and Protective Order and not to further disclose the Confidential Materials except in testimony taken in this case.

_____
Date

_____
Signature

_____
Print Name

9