UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DAHKEEM MILLER; JOSE GUITY;
TRAVIS BUTLER; ARIAN PERALTA;
GARY GARCIA, JR.; BOBBY DEE
CRUZ, and ISAIAH MUHAMMAD,
on their own behalf and on behalf
of others similarly situated,

                    Plaintiffs,

     -v-

CITY OF NEW YORK; CYNTHIA BRANN;
TIMOTHY FARRELL; HAZEL JENNINGS;
and BRENDA COOKE,

                    Defendants.
-----------------------------------------------------------X

Case No. 21-cv-2616 (PKC) (KNF)

**[PROPOSED] ORDER CONCERNING CONFIDENTIAL INFORMATION**

WHEREAS, the parties have reported that they have engaged in extensive resolution discussions and have tentatively agreed to a comprehensive class-wide settlement of the Plaintiffs' claims in this action to be submitted for Court approval; and

WHEREAS, in order to facilitate the completion of the parties' tentative settlement agreement, the City may wish to disclose to plaintiffs' counsel, on a confidential basis, certain sensitive information obtained from the New York City Department of Correction ("DOC") and/or non-party NYC Health + Hospitals/Correctional Health Service ("CHS") regarding putative, potential class members ("Confidential Information"), to the extent that it is available, as follows: name, date of birth, NYSID number, social security number, whether and when the individual was designated as "Seriously Mentally Ill" ("SMI"), and whether the individual was assigned to housing that is the subject of this action at the request of CHS; and

WHEREAS, some of the Confidential Information is maintained by CHS; and

WHEREAS, the Court finds that pursuant to New York Mental Hygiene Law § 33.13 (c)1 and other laws that the interests of justice significantly outweigh the need for confidentiality pertaining to such Confidential Information; and

NOW, THEREFORE, IT IS HEREBY ORDERED that non-party CHS may disclose to the City of New York the following information regarding putative, potential class members, if available: name, NYSID number, dates of birth, whether and when the individual was designated as SMI; and whether the individual was assigned to housing that is the subject of this action pursuant to the request of CHS; and

IT IS FURTHER ORDERED that the City of New York and/or DOC may disclose to plaintiffs' counsel the following information regarding putative, potential class members, if available: name, NYSID number, dates of birth, social security number, whether and when the individual was designated as SMI; and whether the individual was assigned to housing that is the subject of this action pursuant to the request of CHS; and

IT IS FURTHER ORDERED that this Order shall allow the exchange of the Confidential Information specified herein solely for the purposes set forth herein, even if that Confidential Information may otherwise be protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C.A. § 1320-d, and regulations pursuant thereto; 7 CRR-NY § 5.24 & tit. 9 § 7033.6; New York City Board of Correction Minimum Standard § 3-08, 40 RCNY § 3-08; New York Mental Hygiene Law § 33.13; New York Civil Practice Law and Rules § 4504; and other federal, state and municipal law; and

IT IS FURTHER ORDERED that the Confidential Information shared pursuant to this Order shall be used solely for the purpose of finalizing the tentative settlement of this action and the administration of any settlement class that may be approved; and

2

IT IS FURTHER ORDERED that the City shall be permitted to share with City agencies the Confidential Information obtained pursuant to this Order, only as necessary to comply with any settlement agreement, and redisclosure of the Confidential Information to any other individual or entity shall be prohibited; and

IT IS FURTHER ORDERED that the plaintiffs' counsel shall be permitted to share with a proposed Administrator of any class settlement the Confidential Information specified herein and obtained pursuant to this Order, only as necessary to comply with any settlement agreement, and redisclosure of the Confidential Information to any other individual or entity shall be prohibited; and

IT IS FURTHER ORDERED that all of the information referred to above shall be marked "Confidential" and treated by the parties as such pursuant to this Order and the Protective Order in this action dated July 16, 2021 (ECF No. 34) (the "Protective Order"), unless and until a further Order of the Court; and

IT IS FURTHER ORDERED that before the proposed Administrator receives any Confidential Information pursuant to this Order it shall execute the attached Exhibit A confirming that it has read and understands the Protective Order and this Order and will comply with their confidentiality restrictions.

Dated: February 21, 2023
New York, New York

SO ORDERED: _____
Hon. P. Kevin Castel, U.S.D.J

3

## EXHIBIT A

The undersigned hereby acknowledges that they have read the attached Confidentiality Stipulation and Protective Order, and Order Concerning Confidential Information, both issued in the action entitled *Dahkeem Miller, et al. v. City of New York, et al.*, Case No. 21-cv-2616-PKC-KNF, and understands the terms thereof. The undersigned agrees not to use the Confidential Materials and/or Confidential Information as defined therein for any purpose other than as permitted by the Orders, and will not further disclose the Confidential Materials and/or Confidential Information.

_____
Name

_____
Title

_____
Organization

DATED: _____

4