UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

DAHKEEM MILLER, et al.,

                    Plaintiffs,                    21-cv-2616 (PKC)

    -against-                      ORDER

CITY OF NEW YORK, et al.,

                    Defendants.
-----------------------------------------------------------

CASTEL, U.S.D.J.

       The Court has reviewed the Motion for Preliminary Approval of a Class Action Settlement. The Court appreciates the diligence of counsel, the parties and the mediator in their efforts to resolve the action. The Court is presently inclined to grant preliminary approval but has certain reservations about the proposed Notice to Class Members.

       The Court understands the challenges of drafting a Notice to Class Members for a population of imprisoned or formerly imprisoned persons who are unlikely to be sophisticated in class actions. While many, most or nearly all class members may find the settlement attractive, some may not. Some may find it more advantageous to pursue their own individual action or others could rationally decide to remain in the class and object to its terms. The purpose of the Notice is to enable a class member to make an informed decision.

       Rule 23(c)(2)(B), Fed. R. Civ. P., provides both guidance and direction in the drafting of a Notice. It provides in pertinent part as follows:

> The notice must clearly and concisely state in plain, easily understood language:

|     |     |
| --- | --- |
| (i) | the nature of the action; |
| (ii) | the definition of the class certified; |
| (iii) | the class claims, issues, or defenses; |
| (iv) | that a class member may enter an appearance through an attorney if the member so desires; |
| (v) | that the court will exclude from the class any member who requests exclusion; |
| (vi) | the time and manner for requesting exclusion; and |
| (vii) | the binding effect of a class judgment on members under Rule 23(c)(3). |

Rule 23(c)(2)(B), Fed. R. Civ. P.  Information concerning the fees and non-taxable costs payable to class counsel or to class representatives or other persons should also be included in the Notice.  See Advisory Committee Notes to the 2003 Amendment to Rule 23.

        The Court finds the Notice unintentionally lacks clarity.  It introduces the notion of "Challeng[ing]" the amount of an individual's damages before explaining the concepts and consequences of remaining in the class or opting out or objecting to the settlement.  The Notice should first explain that if a would-be class member believes that the settlement formula—i.e., the $400 per day rate or the $450 per day rate for people with Serious Mental Illness or people who were under 22 years old—is too low or perceives any other deficiency in the settlement, the person may opt out of the class and pursue his own action or remain in the class and object to the settlement.  The Notice should explain that a "Challenge," as the term is used throughout the Notice, will not affect the $400/$450 rates or any other term of the settlement.

        The Notice should refer to the possible attorneys' fees and costs in a consistent manner.  See, e.g., "maximum fee award of 25%," "25% for attorneys' fees and litigation costs," "attorneys' fees and costs in an amount up to 25%."  The Notice should disclose an intent to apply to the Court for a differential payment of $20,000 for

each of the seven class representatives in addition to the amount they receive as part of the settlement and explain whether this is included in the 25% maximum.

Finally, the Notice should also disclose that the parties estimate that the Anticipated Maximum Total Payment Amount is $53,018,550 and that, if this amount is achieved, the maximum attorneys' fees and costs that class counsel would seek is up to $13,254,638. This information is material to making an informed judgment.

The parties may resubmit the proposed Notice within 14 days.

SO ORDERED.

Dated: New York, New York
April 28, 2023

P. Kevin Castel
United States District Judge