UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

DAHKEEM MILLER; JOSE GUITY;      Case No. 21-cv-2616 (PKC)
TRAVIS BUTLER; ARIAN PERALTA;
GARY GARCIA, JR.; BOBBY DEE
CRUZ, and ISAIAH MUHAMMAD,
on their own behalf and on behalf
of others similarly situated,

            Plaintiffs,

    -v-

CITY OF NEW YORK; CYNTHIA BRANN;
TIMOTHY FARRELL; HAZEL JENNINGS;
and BRENDA COOKE,

           Defendants.
------------------------------------------------------X

**[REVISED PROPOSED] ORDER CONDITIONALLY CERTIFYING CLASS, APPOINTING CLASS COUNSEL, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPOINTING CLAIMS ADMINISTRATOR, DIRECTING NOTICE TO CLASS MEMBERS, AND SCHEDULING A FAIRNESS HEARING**

WHEREAS, Plaintiffs Jose Guity, Arian Peralta, Gary Garcia, Jr., Bobby Dee Cruz, and Isaiah Muhammad (collectively, the "Class Representatives") and the City of New York (the "City") (collectively, the "Parties") have reached a proposed settlement;

WHEREAS, the Parties executed a comprehensive settlement stipulation on or about April 12, 2023 (the "Settlement Agreement");

WHEREAS, on April 19, 2023, counsel for the Class Representatives moved for conditional certification of a Settlement Class, to appoint Class Counsel, to preliminarily approve the proposed Settlement Agreement, to appoint a claims administrator, and to approve and direct the manner of providing notice to Class Members (ECF No. 85);

1

WHEREAS, the Defendants did not oppose the motion, and the Court has considered all of the submissions made by counsel for the Class Representatives;

WHEREAS, the Court issued an Order on April 28, 2023 (ECF No. 88) raising certain issues with the proposed Notice form submitted by counsel for the Class Representatives;

WHEREAS, on May 5, 2023, counsel for the Class Representatives submitted a revised proposed Notice form addressing the issues the Court raised in the April 28, 2023 Order;

WHEREAS, the Court finds that the proposed Settlement Agreement is likely to receive final approval pursuant to Federal Rule of Civil Procedure 23(e)(2), that the proposed Settlement Class is likely to be certified for purposes of judgment, and that notifying potential Class Members about the terms and conditions of the proposed Settlement Agreement and the date and time of a fairness hearing is warranted; and

WHEREAS, all terms of the proposed Settlement Agreement and certification of the proposed Settlement Class remain subject to the Court's final approval;

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. To the extent not defined in this Order, the capitalized terms in this Order refer to and incorporate the defined terms in the proposed Settlement Agreement.

2. The Court preliminarily finds that the proposed Settlement Agreement is likely to be approved pursuant to Federal Rule of Civil Procedure 23(e)(2) as fair, reasonable, and adequate, and warrants providing notice of the terms of the proposed Settlement Agreement to the Settlement Class and scheduling a Fairness Hearing for further review of the proposed Settlement Agreement. In making these findings, the Court has considered a number of factors, including the nature of the Class Representatives' and Defendants' respective claims and defenses, the amount of consideration to be paid under the Settlement Agreement, the

information available to the Parties, whether the Class Representatives and Class Counsel have adequately represented the Settlement Class, whether the Settlement Agreement was negotiated at arm's length, whether the relief provided to Class Members is adequate, and whether the Settlement Agreement treats Class Members equitably relative to each other. Based on these considerations, the Court preliminarily concludes that (i) the proposed Settlement Agreement is within the range of possible approval and that the Settlement Agreement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Parties and their counsel under the supervision of an experienced and neutral mediator and (ii) none of the terms and conditions of the Settlement Agreement has any obvious deficiencies or improperly grants preferential treatment to any individual Class Representative or Class Member.

3. The Court hereby certifies a Settlement Class, pursuant to Fed. R. Civ. R. 23(b)(3), pending a Fairness Hearing and further order of the Court, consisting of all people who were confined in the Subject Housing at any time during the Class Period except for Contagious Disease Referral Persons and Lock-Down Persons.

4. For purposes of the settlement of this action, and only for such purposes, and subject to the terms of the Settlement Agreement, the Court finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws are satisfied with respect to the Settlement Class being preliminary certified in connection with the Settlement Agreement:

    a. The Settlement Class is ascertainable from Defendants' records and/or from objective criteria;

    b. The Settlement Class is so numerous that joinder of all members would be impractical;

  c. Plaintiffs have alleged one or more questions of fact and law which appear to be common to all Class Members;

  d. Based on Plaintiffs' allegations that Defendants engaged in uniform conduct affecting all Class Members, the Class Representatives' claims are typical of those of the other members of the Settlement Class;

  e. The Class Representatives are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in that (i) the Class Representatives' interests are consistent with those of the other Class Members, (ii) Class Counsel are able and qualified to represent each of the Class Members, and (iii) the Class Representatives and Class Counsel have fairly and adequately represented all of the Class Members in obtaining monetary relief, and in negotiating and entering into the proposed Settlement Agreement.

5. For settlement purposes, questions of law and/or fact common to members of the Settlement Class predominate over such questions affecting only individual Class Members, and a class action is superior to all other available methods for the fair and efficient resolution of this action. In making these provisional findings for settlement purposes, the Court has considered, among other things, (i) Class Members' interests in individually controlling the prosecution of separate actions, (ii) the impracticability or inefficiency of prosecuting separate actions, (iii) the extent and nature of any litigation concerning these claims already commenced, and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

6. This certification of the Settlement Class is made for the sole purpose of attempting to consummate settlement of the action in accordance with the proposed Settlement Agreement.

7. If this Court or an appellate court does not grant final approval of the proposed Settlement Agreement, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any further class certification proceedings in this or any other Court.

8. Solely for the purposes of the proposed settlement, the Court hereby (i) certifies Jose Guity, Arian Peralta, Gary Garcia, Jr., Bobby Dee Cruz, and Isaiah Muhammad to be the Class Representatives, and (ii) appoints Cuti Hecker Wang LLP and Alexander A. Reinert to be Class Counsel pursuant to Fed. R. Civ. P. 23(g) for purposes of representing the Settlement Class.

9. Pursuant to Fed. R. Civ. P. 23(e), the Court will hold a Fairness Hearing on January 24, 2024 at 2 p.m. to address the proposed Settlement Agreement before the Honorable P. Kevin Castel, District Judge for the United States District Court for the Southern District of New York, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 11D, New York, New York 10007. The Court may adjourn the Fairness Hearing and reconvene it at some other date without further notice to Class Members and may approve the Settlement Agreement, enter a final Order at or after the Fairness Hearing or any adjournment of the Fairness Hearing, and dismiss the claims asserted against Defendants on the merits and with prejudice without further notice to any persons or entities (including Class Members) other than the Parties.

10. At the Fairness Hearing, the Court will consider, among other things:

   a. whether the Court should grant final certification of the Settlement Class for purposes of judgment;

5

      b.    whether the Court should approve the proposed Settlement Agreement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e)(2);

      c.    whether an order should be entered dismissing this action on the merits and with prejudice as to Defendants;

      d.    whether adequate and sufficient notice was given in accordance with this Order;

      e.    whether Class Representatives and Class Counsel fairly and adequately represented the Settlement Class for purposes of entering into and implementing the proposed Settlement Agreement;

      f.    whether the Court should approve service award payments to the Class Representatives;

      g.    whether the Court should approve Class Counsel's application for attorneys' fees and expenses, if submitted along with the request for final approval of the Settlement Agreement; and/or

      h.    any other matters relating to the approval and implementation of the Settlement Agreement that the Court may deem appropriate.

11.    The Court approves Rust Consulting, Inc. to serve as the Administrator. The Administrator shall perform tasks enumerated in the Settlement Agreement, including but not limited to the following matters: (1) locating Class Members; (2) issuing Notices, including information about the right to object to or opt out of the settlement; (3) distributing and receiving Claim Forms to/from Class Members; (4) establishing and administering the Qualified Settlement Fund and upon conclusion of the process, closing such fund; (5) determining eligibility for awards on the basis of information provided by Class Counsel and counsel for

Defendants, validating claims, and providing Class Counsel and counsel for Defendants a list of those persons found preliminarily eligible as set forth in the Settlement Agreement; (6) calculating the amounts of awards; (7) issuing and mailing payments to eligible Class Members, and issuing and filing all required tax forms and statements; (8) responding to inquiries from Class Members about the proposed Settlement Agreement and the procedures contained therein, including by the use of a toll-free number and a website; (9) providing all objections to the proposed Settlement Agreement to Class Counsel and counsel for Defendants; (10) creating a database of Class Members who have filed timely and valid Claim Forms; (11) creating a database of Class Members who have filed timely and valid Opt-Out Forms; (12) providing the Parties with regular bills and a final accounting; and (13) to the extent not listed herein, performing all of the tasks enumerated in the Proposal attached as Exhibit L to the proposed Settlement Agreement and in the proposed Settlement Agreement itself.

12. The Court hereby approves, as to form and content, the Notice Forms (as revised by counsel for the Class Representatives on May 5, 2023), the Notice Summary, the Claim Form, the Opt-Out Form, the Claim Form Deadline Warning, the Contagious Disease Referral Person Letter, the Partial Contagious Disease Time Letter, the Lock-Down Person Letter, and all of the proposed claims administration terms, conditions, and procedures set forth in the proposed Settlement Agreement. The Court finds that the proposed Notice Forms (as revised by counsel for the Class Representatives on May 5, 2023) and procedure and the proposed claims administration terms, conditions, and procedures set forth in the proposed Settlement Agreement will meet the requirements of due process, Fed. R. Civ. P. 23, the Rules of this Court, and any other applicable law, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to such notice.

13. Class Counsel and counsel for Defendants may by written agreement make any amendments to or modifications of the Notice Forms, the Notice Summary, the Claim Form, the Opt-Out Form, the Claim Form Deadline Warning, the Contagious Disease Referral Person Letter, the Partial Contagious Disease Time Letter, and/or the Lock-Down Person Letter without notice to or approval by the Court so long as such changes are not materially inconsistent with this Order and do not materially limit the rights of potential Class Members.

14. Together with the motion for final approval of the Settlement Agreement, Class Counsel shall file or cause to be filed with the Court a declaration from the Administrator confirming that notice was provided consistent with the Settlement Agreement and all Orders concerning notice entered by the Court.

15. The Court orders the City to pay the costs of notice and administration to the Administrator pursuant to the terms and conditions set forth in the Settlement Agreement and the Declaration of Kristen Stallings dated April 18, 2023.

16. All Class Members who wish to be excluded from the settlement of this action must submit an Opt-Out Form to the Administrator before the Initial Opt-Out Deadline or, if extended, the Final Opt-Out Deadline. Any Class Member who submits an Opt-Out Form (or other signed writing clearly evidencing such intent and containing his name and address) to the Administrator by the Initial Opt-Out Deadline (or, if extended, the Final Opt-Out Deadline) shall no longer be a Class Member, shall be barred from participating in the settlement provided for in the proposed Settlement Agreement, shall not receive any payment from the City pursuant to the proposed Settlement Agreement, shall not be entitled to submit any Objection to the proposed Settlement Agreement or to this Order, and shall not be bound by the release provided for in Paragraphs 73 to 74 of the proposed Settlement Agreement. Any Class Member who does not

submit an Opt-Out Form (or other signed writing clearly evidencing such intent and containing his name and address) to the Administrator by the Initial Opt-Out Deadline (or, if extended, the Final Opt-Out Deadline) shall be deemed to have accepted the settlement and other terms of the proposed Settlement Agreement and shall be bound thereby and by any and all subsequent proceedings, order, and judgments in this action.

17. If the proposed Settlement Agreement is approved, any Class Member who has not filed an Opt-Out Form shall be bound by the releases in the proposed Settlement Agreement and by all proceedings, orders, and judgments regarding the proposed Settlement Agreement that apply to the Settlement Class, whether favorable or unfavorable, even if he has pending or subsequently initiates any litigation, arbitration, or other proceeding or has any other Released Claim.

18. At or before the Fairness Hearing, the Parties shall provide to the Court a list of the persons, if any, who have validly and timely requested exclusion from the Settlement Class. Persons requesting exclusion from the Settlement Class shall not be entitled to receive relief provided to Settlement Class pursuant to the proposed Settlement Agreement.

19. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the proposed Settlement Agreement, including without limitation the Class Representatives' service award payments and/or Class Counsel's application for attorneys' fees and expenses, may do so by filing an Objection as set forth in the Settlement Agreement. However, a Class Member who requests exclusion from the Settlement Class may not file an Objection regarding the terms of the Settlement Agreement.

20. Any attorney hired by a Class Member for the purpose of objecting to the proposed Settlement Agreement must serve a notice of appearance on Class Counsel and

Counsel for Defendants and e-file the notice of appearance using the Court's ECF system. Any such notice of appearance must be filed with the Court on or before _____, 2024.

21. Any Class Member who does not submit an Objection in the time and manner provided for in the proposed Settlement Agreement and this Order shall be deemed to have waived and forfeited any and all rights they may have to object, and shall be foreclosed from making any Objection to the fairness, reasonableness, or adequacy of the proposed Settlement Agreement.

22. It is not necessary for Class Members to attend the Fairness Hearing. However, any Class Member who submits a timely written Objection in accordance with the requirements set forth in the proposed Settlement Agreement may appear at the Fairness Hearing either in person or through personal counsel retained at the Class Member's own expense.

23. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the proposed Settlement Agreement.

IT IS SO ORDERED this 8th day of May, 2023

_____
THE HONORABLE P. KEVIN CASTEL
United States District Judge

24. Motion (ECF 85) for Preliminary Approval should be terminated by the Clerk.