File

Case#s: 21 -cv2616(PKC)(RML)

RECEIVED
SDNY PRO SE OFFICE

2023 AUG - 1  AM 11: 22

07/26/2023

I do not wish to contract under your provided conditions and I reserve my rights.

claimant ID# **0000015325.**

Thank you for attempting to settle on the amount of at least $4,800 dollars, Although this amount may seem doable on your end, this does not equate to the level of damages and torment that I encountered.

1. I was detained unlawfully. There is no criminal record of this case. No disposition of this case being dismissed. I was told that this case was switched to Manhattan Family Court. I never had a court case in that venue.

2. I was kidnapped and used as leverage and was told that I was being used as leverage for Child Protective Services to kidnap my indigenous son.

3. I had just given birth, my breast milk dried up and I was not able to be in a place where I could breastfeed my 3 month old daughter. The emotional pain behind that is unfathomable

4. I was separated from my 2 offspring without my consent and the time that was taken away from us bonding, you cannot buy back. I stayed in a room that was constantly flooded with water whenever I took a shower. I was not able to enjoy the luxuries of life divinely given to me by my creator, I was fed through a slot.

5. There is a schedule of fees that was sent to multiple public officials which talks about the amounts charged for unlawful detainment.

6. I was not awaiting any trial, I was kidnapped against my rights wishes and consent and placed on Rikers Island for over a month. I was told by officers that the Family Courts messed up. I was told that the magistrate Margaret Morgan was working out a deal with the warden on Rikers Island. This was a False Arrest.

7. I was under extreme threat, duress and coercion.

8. My offspring could not be with their mother. My son had nightmares, the Marshalls invaded peoples domiciles to try and Kidnap him.

9. We have faced defamation of character, our names plastered all over the news and certain business ventures terminated due these false allegations.

There is no dollar amount that can compensate me, for all that my tribe and I had to face throughout the years. Being held in Solitary confinement was just a piece of an array of wrongdoing by men and women acting as State agents. In order for me to consider this settlement, all criminal and family court records pertaining to Nekaybaw McNeal, have to be expunged, discarded and sealed. All news articles pertaining to Nekaybaw McNeal, taken down, we would also need to know what is your maximum total payment amount to even attempt to consider this offer.

You can respond to this document point for point line for line within 21 days. If we do not hear

2

from you within that time frame, I do not wish to partake in these proceedings and I do not

consent.

Disclaimer: I am not a legal person, and I do not understand legalese in its entirety, all feedback

would have to be in Merriam Webster English dictionary terms. Thank you!

all rights reserved

Nekaybaw McNeal, Beneficiary,

ALL RIGHTS RESERVED/without recourse.

Special Appearance

before me, personally appeared

Nekaybaw McNeal and

Sworn to before me this 27th day

of July , 20 23

Respond To:

1843 Central Avenue, suite 294,

Albany New York, (12205)

Danielle L. Reid
Notary Public, State of New York
Qualified in Saratoga County
No. 01RE6343155
Commission Expires May 31, 20 24

Schenectady county

THE ADMINISTRATION
NEKAYBAW MCNEAL TRUST
U/T/D DTD 10/08/2021

---

This Schedule of Fees has been approved for public record by mcneal, Nekaybaw, Trustee under Agreement with NEKAYBAW MCNEAL TRUST/ESTATE Dtd 10-08-2021. All trustees, fiduciaries, employees, and contractors are hereby given notice that the Trust restricts the usage of its property including the NEKAYBAW MCNEAL, and all associated trade names and derivatives thereof.

### Affidavit in regard to the attached Schedule of Fees

I, NEKAYBAW MCNEAL, TRUST/ESTATE by and through Noble McNeal, Nekaybaw in full life, sui juris, hereinafter the 'Affiant' whose domicile is on the land near c/o 1843 Central Avenue (12205). Albany, New York being of the full age of majority, and of sound mind, hereinafter affirm that:

1. The Affiant is the Executor and Trustee for the NEKAYBAW MCNEAL TRUST/ESTATE 10-08-21, hereinafter Trust, in New York, whose business address is at, c/o 1843 Central Avenue, Albany, New York, upon which this Affidavit shall be annexed to and annotated therewith; and that

2. This affidavit and the attached Schedule of Fees are approved for all official business of the trust, including business conducted upon the Trust while any trustee is operating in trust, and such schedule shall be binding upon third party interlopers, and other parties, who proceed without a Bonafide contract with the Trust.

THE ADMINISTRATION
NEKAYBAW MCNEAL TRUST
U/T/D DTD 10/08/2021

3. The Trust holds the registered trademarks of the MCNEAL, NEKAYBAW TRUST/ESTATE and holds all rights and title to the copyright, trade markings, and derivatives including but not limited to McNeal, Nekaybaw, NEKAYBAW MCNEAL, Nekaybaw McNeal, nekaybaw mcneal, Nekaybaw Mcneal, and all other variations of the same intent; and that

4. The Grantor of the Trust, also being the testator of the Will, has approved the attached schedule of fees for the assessment for settling grievances, trespasses upon the estate, breaches of trust, in regard to each particular as set forth therein; and that

5. The execution of this instrument shall not be construed as consent to use the Trusts property, trade name, or trademark, wherein the Grantor estate neither assents, nor consents, nor agrees with, nor grants, nor implies any authorization for any use of the trade name or trademark not secured by a proven contract; and that

6. Any person continuing to use the estates property without an authenticated contract creates a commercial obligation in default until the satisfaction of the assessment made here from; and that

7. The above statement of fact is a memorialization of the accepted and approved order of business for the trust.

### THE ADMINISTRATION
### NEKAYBAW MCNEAL TRUST
### U/T/D DTD 10/08/2021

---

## SCHEDULE OF FEES

Any corporation or Natural person who, by coercion, threat, force, or demand, requires an employee, trustee, or fiduciary of the Trust to perform, produce material, answer, comply with, or act in accord with any particular act as set forth in this schedule, shall be assessed according to this schedule of fees. All intervenors agree to be held liable in their private, individual, and corporate capacity for their actions, and further may be subject to parallel claims of criminal activity including piracy, slavery (suretyship), trespassing, breach of Fiduciary Duty, Perjury, Misprision of Felony, RICO, Forfeiture.

Administrative Fees:

Any Trustee or Fiduciary employed for the matter of processing this claim shall be entitled to 5% of first $1,000,000.00 4% of next $500,000.00 3% of next $500,000.00, 2% over $2,000,000.

### Copyright, trademark, trade name violation

1. Usage of NEKAYBAW MCNEAL, including all derivatives, spellings, and upper-case lower-case combinations and renderings of the trademark and trade name without express written **consent**

**1a.**                                                                                         **$1,000,000**

### Acceptance of Presentments (without contract)

| | |
|---|---|
| **2. Unauthorized Citations** | **$ 10,000.00** |
| **3. Warnings Issued on Paper** | **$ 10,000.00** |
| **4. Summons, Court Notices (without contract)** | **$ 10,000.00** |
| **5. All other related items, fees, or offers** | **$ 10,000.00** |

## THE ADMINISTRATION
## NEKAYBAW MCNEAL TRUST
### U/T/D DTD 10/08/2021

---

### Depositions, Interrogation (unsolicited)

| | |
|---|---|
| 6. Name | $10,000.00 |
| 7. Drivers License Number | $ 10,000.00 |
| 8. Social Security Number | $ 50,000.00 |
| 9. Retinal Scans | $ 50,000.00 |
| 10. Fingerprinting | $ 50,000.00 |
| 11. Photographing | $ 50,000.00 |

### DNA or Body Fluids:

| | |
|---|---|
| 12. Mouth swab | $ 1,000,000.00 |
| 13. Blood samples | $ 1,000,000.00 |
| 14. Urine samples | $ 1,000,000.00 |
| 15. Breathalyzer testing | $ 1,000,000.00 |
| 16. Hair samples | $ 1,000,000.00 |
| 17. Skin samples | $ 1,000,000.00 |
| 18. Clothing samples | $ 1,000,000.00 |
| 19. Forced giving of fluids/samples | $ 1,000,000.00 |
| 20. Forced seizing and administration of biological offspring | $1,000 per minute |

### Obstruction of Travel, Property Search, Trespass, Theft, Carjacking, Interference with Commerce

| | |
|---|---|
| 21. Interference with travel (without contract or emergency) | $500/ minute after warning |
| 22. Temporary detention, obstruction, or restraint (without warrant) | $500.00/minute after warning |
| 23. Automobile/Vessel/Car Search | $ 1,000,000.00 |
| 24. Body/Clothing Search | $ 1,000,000.00 |
| 25. Handcuffing, being tied or otherwise restricted | $ 1,000,000.00 |

THE ADMINISTRATION
NEKAYBAW MCNEAL TRUST
U/T/D DTD 10/08/2021

---

26. Taking/Theft/Deprivation of Property                $ 1,000 per minute
27. Jailed, Warehousing, Incarceration                  $ 1,000,000.00 per day

Signature, Endorsement, Autograph (SEA)

28. Autograph under threat, duress, or coercion $ 1,000,000.00 per incident

THE ADMINISTRATION

NEKAYBAW MCNEAL TRUST

U/D/T Dtd 09-25-2021

APPENDIX A

The Lien Claimant does NOT rely on Title 15 as a basis for the "Commercial Lien." ALL Commercial processes, by using or relying on notes or paper in Commerce (e.g. Federal Reserve Notes), must bear some sort of Federal tracking code, a County Recorder's number or a serial number, which process must be accessible for inspection at the nearest relevant County Recorder's Office or be widely advertised. When a Lien matures in three (3) months, ninety (90) days, by default of the Lien Debtor through the Lien Debtors failure to rebut the AFFIDAVIT OF OBLIGATION point-for-point categorically, it becomes an accounts receivable in the ordinary sense of a collectable debt upon which assignments, collateralization, and other commercial transactions can be based, hence becomes a Security subject to observation, tracking, and regulation by the United States Securities and Exchange Commission (hereinafter U.S. S.E.C.).

The notation "A Security --- 15 USC" is a flag in Commerce telling the U.S. S.E.C. that a speculation account is being established to enforce a lien. The U.S. S.E.C. can then monitor the process. As long as the process is truthful, open, and above-board (Full disclosure), the U.S. S.E.C. has no jurisdiction over it, for even the U.S. S.E.C. has no jurisdiction over the truth of testimony, depositions, affidavits, and affidavits of obligation (Commercial Liens), and an unrebutted affidavit stands as the truth in Commerce.

Legal Authority: Universal moral/existential truths/principles, expressed in Judaic (Mosaic) Orthodox Hebrew/Jewish Commercial Code, corollary to Exodus (chiefly Exodus 20:15 - 16). This is the best-known Commercial process in America.

When an Affidavit is so flagged in Commerce, it becomes a Federal Document because it could become translated into a Security (for example by being attached in support of a Commercial Lien), and not accepting and/or filing a Commercial Affidavit becomes a Federal offense.

CONSTANCE A DAWSON
Notary Public - State of New York
NO. 01DA6171836
Qualified in Kings County
My Commission Expires Jul 30, 2023

UCC - 308-207 without prejudice

Nekaybaw McNeal

NYC RESTRICTIVE CONFINEMENT SETTLEMENT – 8305
PO BOX 2413
FARIBAULT MN 55021-2378

*Miller et al. v. City of New York et al.*, **21-cv-2616 (E.D.N.Y.)**

FOR OFFICIAL USE ONLY

01

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ – UAA – 1463
*0000015325*

Page 1 of 2
**Claimant ID #:** 0000015325

T11 P1 MIXED AADC 550
NEKAYBAW MCNEAL
1843 CENTRAL AVE
ALBANY NY  12205-4796

# CLAIM FORM

If you were a pre-trial detainee or a parolee awaiting a parole revocation hearing in the custody of the New York Department of Corrections and you were housed at any time between March 25, 2018 and June 30, 2022 in (1) West Facility on Rikers Island, (2) the Second and Third floors of North Infirmary Command (a.k.a. "NIC") on Rikers Island, or (3) the "9 South" facility at Manhattan Detention Complex (a.k.a. "MDC" or "the Tombs"), you may submit a claim to request a payment pursuant to the Class Action Settlement in this case. This Claim Form may be completed and submitted online at the settlement website, www.NYCRestrictiveConfinement.com, or you may fill out, sign, and submit this Claim Form by mail using the enclosed postage prepaid envelope or otherwise mailing it to the address at the top of the page.

**Based on our records, if you choose to participate in this settlement, you will receive a payment of at least $4,800.00.**

**The Claim Form must be submitted online or mailed and postmarked by September 5, 2023.**

### CLAIMANT IDENTIFICATION

Name: _____

Date of Birth: _____ _____ / _____ _____ / _____ _____ _____ _____

NYSID Number: _____ ____ ____ ____ ____ ____ ____ ____

Social Security Number: _____ ____ ____ - ____ ____ - ____ ____ ____ ____

Street Address: _____

City: _____  State: _____ Zip Code: _____

Phone: ( _____ ____ ____ - ____ ____ - ____ ____ ____ ____ )   Email: _____

### TAX IDENTIFICATION NUMBER

The payment you receive will be reported to the Internal Revenue Service (IRS). You may need to pay income taxes on it. If you do not provide your Social Security Number or Individual Taxpayer Identification Number above, your claim will be processed, but the administrator will be required by law to withhold a percentage of your payment for back-up withholding (currently 24%). To avoid back-up withholding, please provide your Social Security Number or Individual Taxpayer Identification Number. The Settlement Administrator cannot provide tax advice.

### SIGNATURE

If you wish to participate in this class action settlement and accept the amount shown above, sign and date this form here:

Signature of Claimant: _____   Date _____





NYC RESTRICTIVE CONFINEMENT SETTLEMENT - 8305
PO BOX 2413
FARIBAULT MN 55021-2378

*Miller et al. v. City of New York et al.*, 21-cv-2616 (E.D.N.Y.)

|||||||||||||||||||||||||||||||||||||| - 1463

*0000015325*

T11 P1 MIXED AADC 550
NEKAYBAW MCNEAL
1843 CENTRAL AVE
ALBANY NY 12205-4796

|||||||||||||||||||||||||||||||||||||||||||

Página 1 de 1
Identificación del Reclamante: 0000015325

# FORMULARIO DE RECLAMO

Si hubiese sido un detenido antes del juicio o una libertad condicional a la espera de una audiencia de revocación de libertad condicional bajo la custodia del Departamento de Correcciones de Nueva York y hubiese estado alojado en cualquier momento entre el 25 de marzo, 2018 y el 30 de junio de 2022 en (1) la Instalación oeste en la isla Rikers (Rikers Island), (2) el segundo y tercer piso del Comando de enfermería norte (también conocido como "NIC") en la isla Rikers o (3) la instalación "9 sur" en el Complejo de detención de Manhattan (también conocido como "MDC" o "las tumbas"), puede presentar un reclamo para solicitar un pago de conformidad con el Acuerdo de demanda colectiva en este caso. El Formulario de reclamo puede completarse y enviarse en línea en el sitio web del Acuerdo: www.NYCRestrictiveConfinement.com o puede completar, firmar y enviar este Formulario de reclamo por correo postal a la dirección que aparece al inicio de la página.

**De acuerdo con nuestros registros, si decidiese participar en este acuerdo, recibirá un pago de al menos $4,800.00.**

**El Formulario de reclamo debe enviarse en línea o por correo postal con sello postal fechado, a más tardar, el 5 de septiembre de 2023.**

| IDENTIFICACIÓN DEL DEMANDANTE |
|---|

Nombre: _____

Fecha de nacimiento: _____ _____ / _____ / _____ _____

Número de identificación del estado de Nueva York (New York State Identification, NYSID): _____

Número de Seguro social: _____ - _____ - _____

Dirección: _____

Ciudad: _____ Estado: _____ Código postal: _____

Teléfono: ( _____ _____ - _____ - _____ ) Correo electrónico: _____

| NÚMERO DE IDENTIFICACIÓN DE CONTRIBUYENTE |
|---|

El pago que recibiese se informará al Servicio de Impuestos Internos (Internal Revenue Service, IRS). Es posible que debiese pagar impuestos a la renta sobre este importe. Si no suministrase su número de seguro social o I-TIN, su reclamo se procesará y el administrador estará obligado por ley a retener un porcentaje de su pago para retención de respaldo (en la actualidad, 24 %). Para evitar la retención de respaldo, suministre su Número de seguro social o I-TIN. El Administrador del acuerdo no puede brindar asesoramiento fiscal.

| FIRMA |
|---|

Si desea participar en este acuerdo de demanda colectiva y aceptar el monto que se indica con anterioridad, firme y feche este formulario aquí:

Firma del Demandante: _____ Fecha _____

1463

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
(A federal court authorized this notice. This is not a solicitation from a lawyer. You are not being sued.)

**IF YOU WERE HOUSED IN WEST FACILITY ON RIKERS ISLAND, ON THE SECOND OR THIRD FLOORS OF NORTH INFIRMARY COMMAND ON RIKERS ISLAND, OR IN THE "9 SOUTH" FACILITY AT MANHATTAN DETENTION COMPLEX BETWEEN MARCH 25, 2018 AND JUNE 30, 2022, YOU LIKELY ARE ENTITLED TO MONEY**

Dear NEKAYBAW MCNEAL:

**BASED UPON OUR INITIAL CALCULATIONS, IT APPEARS THAT IF YOU CHOOSE TO PARTICIPATE IN THIS CLASS ACTION SETTLEMENT AND COMPLY WITH ITS REQUIREMENTS, YOU WILL BE PAID AT LEAST $4,800.00 TO COMPENSATE YOU FOR THE 16 DAYS THAT OUR RECORDS INDICATE YOU WERE HOUSED IN ONE OR MORE OF THE FACILITIES NAMED ABOVE.**

- This is a proposed Settlement of a class action lawsuit. The City of New York (the "City") has agreed to pay money damages to current or former Department of Correction ("DOC") inmates who, while they were **Pre-Trial Detainees** (defined below), were housed in any of the three **Covered Facilities** (identified below) at any time during the **Class Period** (from March 25, 2018 to June 30, 2022). Additional restrictions are explained in this notice.

- The three **Covered Facilities** are (i) **West Facility** on Rikers Island, (ii) the second and third floors of **North Infirmary Command** (a.k.a. "**NIC**") on Rikers Island, and (iii) the "**9 South**" facility at Manhattan Detention Complex (a.k.a. "**MDC**" or "**the Tombs**"). If you were a Pre-Trial Detainee and were housed in any of these **Covered Facilities** at any time between March 25, 2018 and June 30, 2022, then you probably are entitled to receive money.

- You were a **Pre-Trial Detainee** if (i) you were awaiting trial and/or not serving a sentence of incarceration or (ii) you were under parole supervision and awaiting a parole revocation hearing. You were not a **Pre-Trial Detainee** if you were a state prisoner temporarily in DOC custody, if you were serving a sentence but remained in DOC custody, or if your parole had been revoked.

- The Settlement entitles each Class Member to receive money for each day that he was a **Pre-Trial Detainee** housed in any of the three **Covered Facilities** during the **Class Period**. Most Class Members are eligible to receive $400 (minus up to 25% for attorneys' fees and litigation costs) for each day that they were housed in any of the three **Covered Facilities** during the **Class Period**. This means that most Class Members will receive **at least** $300 for each day that they were housed in a **Covered Facility** during the **Class Period**.

- Class Members who were classified as having a Serious Mental Illness or who were under the age of 22 when they were housed in any of any of the three **Covered Facilities** during the **Class Period** are eligible to receive $450 per day (minus up to 25% for attorneys' fees and litigation costs). This means that these Class Members will receive **at least** $337.50 for each day they met those conditions.

- The payment to each Class Member may be further reduced if he owes child support, if he has unpaid parking tickets, a business tax judgment, an environmental control board judgment, or Medicare liens, or if New York State's Office of Victims' Services seeks to use some of the payment to compensate victims of a Class Member's crime.

- **You must fill out and submit a Claim Form by September 5, 2023 to be eligible for any payment.** There are three ways to submit a Claim Form: (i) You may use the enclosed stamped, self-addressed envelope, or any other envelope, and mail the Claim Form to NYC Restrictive Confinement Settlement – 8305, PO Box 2413, Faribault, MN 55021-2378; or (ii) You may email it to info@NYCRestrictiveConfinement.com; or (iii) you may submit it online at www.NYCRestrictiveConfinement.com.

Questions? Call 833-915-0957 or visit www.NYCRestrictiveConfinement.com
Un anuncio sumario y una forma de petición en español están adjunto
- 1 -

1463

- **You may also need to send in Proof of Identity.** The Administrator will attempt to confirm your identity based upon the social security number, date of birth, and/or NYSID number you provide on the Claim Form. If the Administrator is unable to do so, you may be asked to submit identification.

- **Your legal rights are affected, whether you act or don't act.** Read this notice carefully because it explains decisions you must make and actions you must take.

| Your Options | | Due Date |
|---|---|---|
| Submit a Claim Form | If you wish to participate in the Settlement and receive money, you must submit a Claim Form by the deadline. | **Claim Form Postmarked or Submitted Electronically By: September 5, 2023** |
| Exclude Yourself From the Settlement | To exclude yourself from this Settlement, you must submit an Opt-Out Form by the deadline. If you submit an Opt-Out Form, you will get no payment from this Settlement, but you can pursue your claim in another forum. This is the only option that allows you to ever be part of any other lawsuit against the City, DOC, or anyone else about the claims in this case. The Opt-Out Form may be submitted in any of the three ways that a Claim Form may be submitted. | **Opt-Out Form Postmarked or Submitted Electronically By: September 5, 2023** |
| Object to the Settlement | You may explain to the Court why you don't like the Settlement by submitting an Objection in writing to the Court by the deadline. To do this, you also must submit a Claim Form by the Claim Form deadline. | **Objections Postmarked or Filed With Court By: September 5, 2023** |
| Go to the Fairness Hearing | You may appear before the Court to address the fairness of the Settlement by filing an Objection by the deadline and appearing in person at the Fairness Hearing. | **Fairness Hearing on Wednesday, January 24, 2024 at 2:00 p.m.** |
| Do Nothing | If you are a Class Member and you do nothing, you will **receive no payment** and you also will **give up all rights** to sue the City, DOC, or their employees about the claims in this case. | **Not Applicable** |

The Court in charge of the case is the United States District Court for the Southern District of New York. The case is *Miller et al. v. City of New York et al.*, 21-cv-2616. The Judge is the Honorable P. Kevin Castel. The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

| 1. What is this lawsuit about? |
|---|

The Plaintiffs in this case claim that between March 25, 2018 and June 30, 2022, DOC used West Facility, the second and third floors of North Infirmary Command, and the "9 South" facility at Manhattan Detention Complex as restrictive housing facilities. The Plaintiffs claim that the City violated their constitutional rights by housing them in these facilities without hearings and because the conditions were too harsh. The City denies that the Plaintiffs' claims in this lawsuit have merit and maintains that it did nothing unlawful.

| 2. Why did I get this Notice? |
|---|

You have received this Notice because the City's records indicate that you likely are a Class Member. You have a right to know about the proposed Settlement of this class action lawsuit, and about your options, before the Court makes a final decision about whether to approve the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**Questions? Call 833-915-0957 or visit www.NYCRestrictiveConfinement.com**
Un anuncio sumario y una forma de petición en español están adjunto
- 2 -

1463

### 3.   Who are the parties to the Settlement?

There currently are five named Plaintiffs in this case. All of them were Pre-trial Detainees when they were housed in one or more of the three Covered Facilities. They are called Class Representatives because they brought this lawsuit on their own behalf and on behalf of other similarly situated inmates. The Defendants are the City and various DOC officials. The parties have agreed to resolve this case through this Settlement.

### 4.   What happened in Court?

This lawsuit was brought on March 25, 2021. The Plaintiffs amended their complaint on May 25, 2021 and again on August 23, 2021. Two of the seven original Class Representatives settled their claims individually, so there currently are five Class Representatives. The parties exchanged documents and other information, conducted depositions, and engaged in settlement negotiations with the assistance of a mediator for more than a year before reaching this proposed Settlement.

### 5.   How do I know if I am part of the Settlement?

Everyone who meets the following description is a Class Member who is eligible to receive money: all persons who were **Pre-Trial Detainees** and who were housed in any of the **Covered Facilities** at any time during the **Class Period**, except for **Contagious Disease Referral Persons** and **Lock-Down Persons**.

**Pre-Trial Detainees** are inmates who were either (i) awaiting trial and/or not serving a sentence of incarceration or (ii) under parole supervision and awaiting a parole revocation hearing. You will not receive money for time you were housed in the **Covered Facilities** while you were a state prisoner temporarily in DOC custody, while you were serving a sentence but remained in DOC custody, or after your parole had been revoked.

The **Covered Facilities** are (i) West Facility on Rikers Island, (ii) the second and third floors of North Infirmary Command (a.k.a. "NIC") on Rikers Island, and (iii) the "9 South" facility at Manhattan Detention Complex (a.k.a. "MDC" or "the Tombs").

The **Class Period** is March 25, 2018 through and including June 30, 2022.

**Contagious Disease Referral Persons** are people who were housed in West Facility on or after February 1, 2020 for up to fourteen days in a row following a referral by Correctional Health Services and served no other time in a Covered Facility during the Class Period.

**Lock-Down Persons** are people who were housed in any of the Covered Facilities based upon a valid judicial order issued by a court requiring the person to be housed separately from other inmates for security purposes and served no other time in a Covered Facility during the Class Period.

### 6.   Why aren't Contagious Disease Referral Persons and Lock-Down Persons allowed to participate in the Settlement?

Contagious Disease Referral Persons are excluded from the Settlement because the Covid-19 pandemic presents special circumstances. West Facility is a contagious disease unit. The relevant regulations permit DOC to house inmates in West Facility when medical isolation is appropriate. Starting on or about February 1, 2020, DOC began to place inmates who had or were suspected of having Covid-19 in West Facility for two weeks or less. Others may have been referred to West Facility due to having contagious diseases other than Covid-19. Such inmates are presumptively excluded from the Settlement unless they can demonstrate that they were not referred to West Facility by Correctional Health Services because of contagious disease risk and/or were housed at other times during the Class Period in a Covered Facility.

Anyone who was housed in West Facility between March 25, 2018 and January 31, 2020 is eligible to receive money. Anyone who was housed in West Facility between February 1, 2020 and June 30, 2022 for more than fourteen days in a row is eligible to receive money. But anyone who was housed in West Facility between February 1, 2020 and June 30, 2022 for up to fourteen days in a row is not eligible to receive money for those days if Correctional Health Services referred them to West Facility.

Lock-Down Persons are excluded from the settlement because DOC is permitted to house inmates under restrictive conditions when a valid judicial order issued by a court requires DOC to do so.

If you were housed in the Covered Facilities during a time when you were a Lock-Down Person or Contagious Disease Referral Person, but you also were housed in the Covered Facilities during the Covered Period for days when you did not meet either of those definitions, you are eligible to receive payments for the days when you did not meet either of those definitions. Those days are included in the calculation at the top of this Notice.

### 7. What does the Settlement provide?

The Settlement provides for Class Members to receive money as follows:

a.  Class Members will receive $400 for each day that they served in a Covered Facility during the Class Period when they were 22 years old or older and not diagnosed with a Serious Mental Illness, minus up to 25% of the total award for attorneys' fees and litigation costs.

b.  Class Members will receive $450 for each day that they served in a Covered Facility during the Class Period when they were either under 22 years old or had been diagnosed with a Serious Mental Illness, minus up to 25% of the total award for attorneys' fees and litigation costs.

**Based on the City's records, the Parties have calculated the damages that each Class Member is owed. It appears from the City' s records that you served a total of 16 days in a Covered Facility during the Class Period. It appears from the City' s records that you were not either under the age of 22 or classified as having a Serious Mental Illness during any of those days. Accordingly, it appears from the City's records that you are eligible to receive at least $4,800.00 if you participate in the Settlement and comply with all of its terms, including by submitting a Claim Form. If the Court awards Class Counsel less than the maximum award of 25% for attorneys' fees and litigation costs, then you will receive more.**

The payments made to individual Class Members may be reduced if you owe child support or if you have unpaid parking tickets, business judgments, environmental control board judgments, or Medicare liens. In addition, because of New York's "Son of Sam" Law (N.Y. Exec. Law § 632-a), the Office of Victims' Services may have the right to seek to have your payment used to compensate one of your crime victims (if there are any).

**If you disagree with the calculations set forth above, you may file a Challenge** by following the process explained in No. 7 above.

The Settlement also provides that the five remaining Class Representatives will receive an additional Service Award of $20,000 each to compensate them for their service as Class Representatives.

### 8. What if I disagree with the information in the City's records?

The Administrator has mailed this Notice and a Claim Form to everyone who the City and Class Counsel believe is a Class Member. It is possible that you are a Class Member even if you did not receive a Claim Form. You may have been improperly left off the Class List due to an error. You may have been improperly designated a Contagious Disease Person even though you were housed in West Facility for more than two weeks or were referred to West Facility for non-medical reasons. You may have been improperly designated a Lock-Down Person even though you were not the subject of a valid judicial order requiring restrictive conditions when you were housed in a Covered Facility. Or you may be on the Class List but your Claim Form was not sent to your current address or got lost in the mail.

It also is possible that the calculations set forth on the first page of this Notice may be inaccurate. The first page of this Notice sets forth how many days the City's records say you spent in the Covered Facilities, whether your payment is being calculated based on the regular $400 per day rate or the $450 per day rate (for people with Serious Mental Illness or people who were under 22 years old), and what your total payment will be after attorneys' fees and litigation costs are deducted, assuming that the Court grants Class Counsel the maximum fee award of 25%. But it is possible that you served more days than you are being credited for, or that you are being credited the regular $400 per day rate even though you are entitled to the $450 per day rate because you were under 22 years old or had been diagnosed with a Serious Mental Illness when you were housed in a Covered Facility.

**Questions? Call 833-915-0957 or visit www.NYCRestrictiveConfinement.com**
**Un anuncio sumario y una forma de petición en español están adjunto**
- 4 -

1463

If you believe that you are a Class Member but did not receive a letter with a Claim Form, you should contact the Administrator by calling (833) 915-0957 or sending an email to info@NYCRestrictiveConfinement.com and ask whether you are on the Class List. If you are on the Class List but did not receive a Claim Form, the Administrator will send you one. You also can download a Claim Form at www.NYCRestrictiveConfinement.com.

You also may submit a **<u>Challenge</u>** if you believe that you are not receiving the right amount of money for any of the following reasons:

- You were housed in one or more of the Covered Facilities during the Class Period but are not being credited with any of those days.

- You are being credited with fewer days than you actually served in the Covered Facilities during the Class Period while you were not a Lock-Down Person or a Contagious Disease Referral Person.

- Your tentative payment is being calculated based on the regular rate of $400 even though you were under 22 years old or had been diagnosed with a Serious Mental Illness during some or all of those days and therefore your payment should be calculated at the rate of $450 per day.

- You have been designated a Contagious Disease Referral Person even though you were housed in West Facility before February 1, 2020, for more fourteen days in a row, or you were sent to West for non-medical reasons.

- You have been designated a Lock-Down Person even though you were not housed in a Covered Facility based upon a valid judicial order issued by a court requiring you to be housed separately from other inmates for security purposes.

**The deadline for submitting a Challenge is September 5, 2023.** If you wish to submit a Challenge, you must provide the Administrator with your legal name (and/or any name that you believe may have been used in connection with your incarceration by DOC), date of birth, address, NYSID # (if known), and telephone number; the dates during which you believe you were housed in a Covered Facility (or an approximation by month and year of those dates); which Covered Facility you believe you were housed in; and any information that you believe explains and/or supports your Challenge. If you are challenging your status as a Contagious Disease Referral Person, you must also provide an executed HIPAA-compliant medical records release, including all subparts, authorizing the release to the New York City Law Department and Class Counsel of your DOC medical records (you can obtain that release by contacting the Administrator by calling (833) 915-0957 or sending an email to info@NYCRestrictiveConfinement.com or online at www.NYCRestrictiveConfinement.com; all of your medical records shall be treated as confidential). You may submit a Challenge by mail to NYC Restrictive Confinement Settlement – 8305, PO Box 2413, Faribault, MN 55021-2378 or by email to info@NYCRestrictiveConfinement.com or by submitting it online at www.NYCRestrictiveConfinement.com. **If your Challenge is not submitted by September 5, 2023, it will be rejected as untimely.**

| 9. | Can the City challenge my claim for payment? |
|---|---|

If you make a Claim, the City has the right to challenge your Claim if it believes that: (i) your right to payment is barred by a prior lawsuit or by a release executed by you; (ii) you consented in writing to your placement in the Subject Housing; or (iii) you were not a Pre-Trial Detainee at the time you were housed in the Subject Housing. If such a Challenge is made to your Claim, you will be notified, and you will have the right to oppose the Challenge.

| 10. | What do I need to do in order to receive payment? |
|---|---|

**To receive a payment, you need to do two things:**

**First, you MUST submit a signed and completed Claim Form postmarked or submitted electronically by no later than September 5, 2023.** A Claim Form is enclosed with this Notice. You may use the enclosed self-addressed stamped envelope or mail it in your own envelope to NYC Restrictive Confinement Settlement – 8305, PO Box 2413, Faribault, MN 55021-2378. You may also email your Claim Form to info@NYCRestrictiveConfinement.com or submit it online at www.NYCRestrictiveConfinement.com.

**Questions? Call 833-915-0957 or visit www.NYCRestrictiveConfinement.com**
**Un anuncio sumario y una forma de petición en español están adjunto**
- 5 -

1463

**Second, you MUST satisfy the Proof of Identity requirement.**

The Administrator will attempt to confirm your identity based upon the social security number, date of birth, and/or NYSID number you provide on the Claim Form. If the Administrator is unable to do so, you may be asked to submit identification, in which case you must do so in order to be eligible to receive compensation.

**Please note that you should inform the Administrator or Class Counsel if your address changes so that your check is mailed to the right address.**

No payments will be sent unless and until the Court approves the Settlement. Even then, there may be appeals. It is uncertain how many appeals there may be, if any, and how long it may take to resolve them. Please be patient.

**If you have any questions regarding completing the Claim Form, you may contact the Administrator at (833) 915-0957 or Class Counsel at (212) 620-2600.**

### 11.  What am I giving up to receive a payment?

Unless you exclude yourself from this Settlement by opting out (*see* No. 12 below), you will "Release," or give up, certain "Released Claims" against the City, which are defined below. This means that you cannot sue the City, continue a lawsuit against the City, or be part of any other lawsuit against the City, NYCDOC, or their employees, by class action or otherwise, if that lawsuit relates to the factual allegations in this case. Unless you exclude yourself, it also means that all of the decisions by the Court will bind you. But you are *not* giving up your right to sue the City for things that are *not* related to the claims in this case

The Settlement Agreement describes the Released Claims in detail, so please read it carefully. You can get a copy of the Settlement Agreement online at www.NYCRestrictiveConfinement.com. If you have any questions, you may call Class Counsel at (212) 620-2600.

### 12.  How do I get out of the Settlement?

If you do not want to participate in this Settlement for any reason—including that you want to keep the right to bring or continue your own separate lawsuit against the City, DOC, or their employees about the claims raised in this case—then you must take steps to exclude yourself from this Settlement. This is sometimes referred to as "opting out" of the Class. To exclude yourself, you must submit a signed Opt-Out Form (or other writing containing your name, date of birth, address and telephone number, and a signed statement saying that you want to be excluded from the Settlement) to the Administrator **no later than September 5, 2023.** Opt-Out forms may be mailed to NYC Restrictive Confinement Settlement - 8305, PO Box 2413, Faribault, MN 55021-2378, emailed to info@NYCRestrictiveConfinement.com, or submitted online at www. NYCRestrictiveConfinement.com. You may use the enclosed self-addressed stamped envelope to mail the Opt-Out Form.

**If you do not exclude yourself by opting out, and you also fail to submit a Claim Form, then you will not receive any payment under this Settlement, nor will you be able to file your own lawsuit relating to the issues covered by the Settlement.**

### 13.  Do I have a lawyer in this case? How will the lawyers be paid?

The Court has designated Cuti Hecker Wang LLP and Alexander A. Reinert, Esq. as Class Counsel in this case. Class Counsel will represent you and other Class Members. Class Counsel will ask the Court to award it attorneys' fees and costs in an amount up to 25% of the total of each Class Member's award. The Court may award that amount, or it may award less.

If the Court awards the maximum of 25%, then you will receive the amount indicated on the first page of this Notice Form. If the Court awards less to Class Counsel, then you will receive more.

Class Counsel may be reached at:

> Cuti Hecker Wang LLP
> 305 Broadway, Suite 607
> New York, New York 10007
> dmullkoff@chwllp.com
> (212) 620-2600

If you want to be represented by your own lawyer, you may hire one at your own expense.

1463

TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS DE NORTEAMÉRICA PARA EL DISTRITO SUR DE NUEVA YORK

(Este aviso no es una oferta de un abogado y no está siendo demandado.)

**SI HUBIESE ESTADO ALOJADO EN UNA INSTALACIÓN OESTE (WEST FACILITY) EN RIKERS ISLAND, EN EL SEGUNDO O TERCER PISO DEL COMANDO DE ENFERMERÍA NORTE (NORTH INFIRMARY COMMAND) EN RIKERS ISLAND O EN LA INSTALACIÓN "9 SUR" ("9 SOUTH") EN EL COMPLEJO DE DETENCIÓN DE MANHATTAN (MANHATTAN DETENTION COMPLEX) ENTRE EL 25 DE MARZO DE 2018 Y EL 30 DE JUNIO DE 2022, ES PROBABLE QUE TUVIESE DERECHO A RECIBIR DINERO**

**Estimado(a) NEKAYBAW MCNEAL:**

**EN BASE A NUESTROS CÁLCULOS INICIALES, PARECE QUE SI ELIGIESE PARTICIPAR EN ESTE ACUERDO DE DEMANDA COLECTIVA Y CUMPLIR CON SUS REQUISITOS, SE LE PAGARÁ AL MENOS $4,800.00 PARA COMPENSARLE POR LOS 16 DÍAS QUE NUESTROS REGISTROS INDICAN QUE SE ENCONTRABA EN UNA O MÁS DE LAS INSTALACIONES MENCIONADAS CON ANTERIORIDAD.**

- Esta es una propuesta de Acuerdo en una demanda colectiva. La ciudad de Nueva York (la "Ciudad") ha convenido pagar daños y perjuicios a los reclusos actuales o anteriores del Departamento de Corrección (Departament of Correction, "DOC") que, mientras estaban **Detenidos antes del juicio** (definidos a continuación), se alojaron en cualquiera de las tres **Instalaciones cubiertas** (identificadas a continuación) en cualquier momento durante el **Plazo de la demanda colectiva** (del 25 de marzo de 2018 al 30 de junio de 2022). En este aviso se explican las restricciones adicionales.

- Las tres **Instalaciones cubiertas** son (i) la **Instalación oeste** en la isla Rikers (Rikers Island), (ii) el segundo y tercer piso del **Comando de enfermería norte** (también conocido como "**NIC**") en la isla Rikers y (iii) la instalación "**9 sur**" en el Complejo de detención de Manhattan (también conocido como "**MDC**" o "**las Tumbas**"). Si se lo hubiese **Detenido antes del juicio** y hubiese estado alojado en cualquiera de estas **instalaciones cubiertas** en cualquier momento entre el 25 de marzo de 2018 y el 30 de junio de 2022, probablemente tuviese derecho a recibir dinero.

- Usted era un **Detenido antes del juicio** si (i) hubiese estado esperando un juicio o no hubiese cumplido con una sentencia de encarcelamiento o (ii) hubiese estado bajo supervisión de libertad condicional y a la espera de una audiencia de revocación de libertad condicional. Usted no era un **Detenido antes del juicio** si hubiese sido un prisionero estatal temporalmente bajo custodia del DOC, si hubiese estado cumpliendo una sentencia pero permanecido bajo custodia del DOC o si su libertad condicional se hubiese revocado.

- El Acuerdo le da derecho a cada Miembro del grupo de demandantes a recibir dinero por cada día que hubiese estado **Detenido antes del juicio** alojado en cualquiera de las tres **Instalaciones cubiertas** durante el **Plazo de la demanda colectiva**. La mayoría de los Miembros del grupo de demandantes tiene derecho a recibir $400 (menos hasta el 25 % por honorarios de abogados y costas de litigio) por cada día que se hubiese alojado en cualquiera de las tres Instalaciones cubiertas durante el **Plazo de la demanda**. Esto significa que la mayoría de los Miembros del grupo de demandantes recibirá, **al menos**, $300 por cada día que hubiese estado alojado en una **Instalación cubierta** durante el **Plazo de la demanda**.

- Los Miembros del grupo de demandantes a quienes se hubiera clasificado como con una Enfermedad mental grave o que hubiesen tenido menos de 22 años cuando se alojaron en cualquiera de las tres **Instalaciones cubiertas** durante el **Plazo de la demanda colectiva** tienen derecho a recibir $450 por día (menos hasta el 25 % para honorarios de abogados y costas de litigio). Esto significa que estos Miembros del grupo de demandantes recibirán, **al menos**, $337.50 por cada día que hubiesen cumplido con esas condiciones.

- El pago a cada Miembro del grupo de demandantes puede reducirse aún más si debiese manutención de menores, si tuviese multas de estacionamiento no pagadas, una sentencia fiscal comercial, una sentencia del consejo de control ambiental o gravámenes del Medicare o si la Oficina de Servicios para Víctimas del estado de Nueva York pretendiera parte del pago para compensar a las víctimas del delito de un Miembro del grupo de demandantes.

- **Debe completar y enviar un Formulario de reclamo con fecha de franqueo postal, a más tardar, el 5 de septiembre de 2023 si deseara tener derecho a recibir un pago.** Hay tres maneras de enviar un Formulario de reclamo: (i) puede utilizar el sobre con franqueo postal o cualquier otro sobre que se adjunta y enviarlo por correo a NYC Restrictive Confinement Settlement - 8305, PO Box 2413, Faribault, MN 55021-2378 o (ii) puede enviarlo por correo electrónico a info@NYCRestrictiveConfinement.com o (iii) puede enviarlo en línea en www.NYCRestrictiveConfinement.com.

**¿Tiene preguntas? Llame al 833-915-0957 o visite www.NYCRestrictiveConfinement.com**
**Un anuncio sumario y una forma de petición en español están adjunto**

1463

- **También es posible que debiese enviar una Prueba de identidad.** El Administrador intentará confirmar su identidad en base al número de seguro social, la fecha de nacimiento o el número de identificación de Nueva York (New York State Identification Number, NYSID) que proporcionase en el Formulario de reclamo. Si el Administrador no pudiese hacerlo, es posible que se le pidiese que presentase una identificación.

- **Sus derechos legales se afectarán, independientemente de que actuase o no.** Lea este aviso detenidamente, ya que explica las decisiones que deberá tomar y lo que deberá hacer.

| Resumen de sus derechos legales y las opciones en este Acuerdo | | |
|---|---|---|
| **Sus opciones** | | **Fecha de vencimiento** |
| **Presentar un Formulario de reclamos** | Si deseara participar en el Acuerdo y recibir dinero, debe enviar un Formulario de reclamo antes de la fecha límite. | **Formulario de reclamo con matasellos o enviado de manera electrónica, a más tardar: 5 de septiembre de 2023** |
| **Solicitar su exclusión del Acuerdo** | Para excluirse de este Acuerdo, debe enviar un Formulario de exclusión antes de la fecha límite. Si enviase un Formulario de exclusión, no recibirá pago alguno de este Acuerdo, pero puede presentar su reclamo en otro foro. Esta es la única opción que le permite, en algún momento, ser parte de otra demanda judicial contra la ciudad, DOC o cualquier otra persona sobre los reclamos sobre este caso. El Formulario de exclusión se puede enviar de cualquiera de las tres maneras en que se puede enviar un Formulario de reclamo. | **Formulario de exclusión con matasellos o enviado de manera electrónica, a más tardar: 5 de septiembre de 2023** |
| **Objetar el Acuerdo** | Puede explicar al Tribunal por qué no le gusta el Acuerdo al presentar una Objeción por escrito al Tribunal antes de la fecha límite. Para ello, también debe enviar un Formulario de reclamo antes de la fecha límite del Formulario de reclamo. | **Objeciones con matasellos o presentadas ante el tribunal, a más tardar: 5 de septiembre de 2023** |
| **Ir a la Audiencia de Imparcialidad** | Puede comparecer ante el Tribunal para abordar la imparcialidad del Acuerdo al presentar una Objeción antes de la fecha límite y comparecer en persona en la Audiencia de imparcialidad. | **Audiencia de imparcialidad el miércoles 24 de enero de 2024 a las 2:00 p. m.** |
| **No hacer nada** | Si fuese un Miembro del grupo de demandantes y no hiciera nada, **no recibirá pago alguno** y también **renunciará a todos los derechos** de demandar a la Ciudad, al DOC o a sus empleados por los reclamos en este caso. | **No aplicable** |

El Tribunal a cargo del caso es el Tribunal de distrito de los Estados Unidos de Norteamérica para el distrito del sur de Nueva York. El caso es *Miller et al. v. City of New York et al.* (Miller et al. vs. la ciudad de Nueva York), 21-cv-2616. El juez es el honorable P. Kevin Castel. El Tribunal a cargo de esta causa todavía debe decidir si aprueba o no el Acuerdo. Los pagos se realizarán si el Tribunal aprueba el Acuerdo y luego de resolver toda apelación. Le solicitamos que tenga paciencia.

| 1. ¿De qué trata esta demanda? |
|---|

Los Demandantes en este caso afirman que, entre el 25 de marzo de 2018 y el 30 de junio de 2022, DOC utilizó la Instalación oeste, el segundo y tercer piso del Comando de enfermería norte y la instalación "9 sur" en el Complejo de detención de Manhattan como instalaciones de vivienda restrictivas. Los Demandantes afirman que la ciudad violó sus derechos constitucionales al alojarlos en estas instalaciones sin audiencias y debido a que las condiciones eran demasiado duras. La ciudad niega que los reclamos de los Demandantes en esta demanda tengan mérito y sostiene que no hizo nada ilegal.

| 2. ¿Por qué recibí este Aviso? |
|---|

Recibe este Aviso porque los registros indican que es Miembro del grupo del acuerdo. Tiene derecho a conocer el Acuerdo propuesto de una demanda colectiva, además de conocer sus opciones, antes de que el Tribunal decidiese si aprueba o no el Acuerdo. Este Aviso describe la demanda, el Acuerdo, los derechos legales que usted tiene, los beneficios que están a su disposición, quién tiene derecho a dichos beneficios y cómo obtenerlos.

¿Tiene preguntas? Llame al 833-915-0957 o visite www.NYCRestrictiveConfinement.com
Un anuncio sumario y una forma de petición en español están adjunto
- 2 -

1463

**3.   ¿Quiénes son las partes en este Acuerdo?**

En la actualidad hay cinco Demandantes nombrados en este caso. Todos ellos eran Detenidos antes del juicio cuando estaban alojados en una o más de las tres instalaciones cubiertas. Se los denomina Representantes del grupo porque presentaron esta demanda en su nombre y en nombre de otros detenidos alojados en condiciones similares. Los Demandados son la ciudad y varios funcionarios del DOC. Las partes convinieron resolver este caso mediante un Acuerdo de conciliación.

**4.   ¿Qué sucedió en el Tribunal?**

Esta demanda se presentó el 25 de marzo de 2021. Los Demandantes modificaron su reclamo el 25 de mayo de 2021 y de nuevo el 23 de agosto de 2021. Dos de los siete Representantes del grupo originales resolvieron sus reclamos de manera individual, por lo que, en la actualidad, hay cinco Representantes del grupo. Las partes intercambiaron documentos y otra información, realizaron declaraciones y participaron en negociaciones de conciliación con la ayuda de un mediador durante más de un año antes de alcanzar este Acuerdo propuesto.

**5.   ¿Cómo sé si formo parte del Acuerdo de conciliación?**

Todas las personas que cumpliesen con la descripción siguiente son Miembros del grupo de demandantes que tiene derecho a recibir dinero: todas las personas **Detenidas antes del Juicio** y que estuvieron alojadas en cualquiera de las **Instalaciones cubiertas** en cualquier momento durante el **Plazo de la demanda colectiva**, excepto las **Personas derivadas por enfermedades contagiosas** y las **Personas confinadas**.

Usted es un **Detenido antes del juicio** si (i) hubiese estado esperando un juicio o no hubiese cumplido con una sentencia de encarcelamiento o (ii) hubiese estado bajo supervisión de libertad condicional y a la espera de una audiencia de revocación de libertad condicional. No recibirá dinero por el tiempo que estuvo alojado en las **Instalaciones cubiertas** mientras era un prisionero estatal temporalmente bajo custodia del DOC, mientras estaba cumpliendo con una sentencia pero permaneció bajo custodia del DOC o después de que su libertad condicional se hubiera revocado.

Las tres **Instalaciones cubiertas** son (i) la Instalación oeste en la isla Rikers, (ii) el segundo y tercer piso del Comando de enfermería norte (también conocido como "NIC") en la isla Rikers y (iii) la instalación "9 sur" en el Complejo de detención de Manhattan (también conocido como "MDC" o "las Tumbas").

El **Plazo de la demanda colectiva** es del 25 de marzo de 2018 al 30 de junio de 2022 inclusive.

Las **Personas derivadas por enfermedades contagiosas** son personas que estuvieron alojadas en la Instalación oeste el 1 de febrero de 2020 o después de esa fecha durante un máximo de catorce días consecutivos después de una derivación por parte de los Servicios correccionales de salud y que no prestaron servicio en ningún otro momento en una Instalación cubierta durante el Plazo de la demanda colectiva.

Las **Personas con confinamiento** son personas que se alojaron en cualquiera de las Instalaciones cubiertas en base a una orden judicial válida emitida por un tribunal que requería que la persona se alojase por separado de otros reclusos por motivos de seguridad y que no cumpliese su condena en ninguna otra Instalación cubierta durante el Plazo de la demanda.

**6.   ¿Por qué no se permite la participación de las personas derivadas por enfermedades contagiosas y las personas confinadas en el Acuerdo?**

Las personas derivadas por enfermedades contagiosas quedan excluidas del Acuerdo porque la pandemia del Covid-19 presenta circunstancias especiales. La Instalación oeste es una unidad para enfermedades contagiosas. Las normativas pertinentes permiten al DOC alojar a los reclusos en la Instalación oeste cuando el aislamiento médico es adecuado. A partir del 1 de febrero de 2020 o alrededor de esa fecha, el DOC comenzó a ubicar a reclusos que tenían o sospechaban tener el Covid-19 en la Instalación oeste durante dos semanas o menos. Se podrían haber derivado a la Instalación oeste debido a enfermedades contagiosas distintas del Covid-19. Dichos reclusos están presuntamente excluidos del Acuerdo a menos que pudiesen demostrar que no fueron derivados a la Instalación oeste por los Servicios correccionales de salud debido al riesgo de enfermedad contagiosa o que se alojaron en otro momento durante el Plazo de la demanda en una Instalación cubierta.

Cualquier persona que hubiese estado en la Instalación oeste entre el 25 de marzo de 2018 y el 31 de enero de 2020 tiene derecho a recibir dinero. Cualquier persona que hubiese estado en la Instalación oeste entre el 1 de febrero de 2020 y el 30 de junio de 2022 durante más de catorce días consecutivos tiene derecho a recibir dinero. Sin embargo, cualquier persona que hubiese estado en la Instalación oeste entre el 1 de febrero de 2020 y el 30 de junio de 2022 durante un máximo de catorce días consecutivos no tendrá derecho a recibir dinero por esos días si los servicios de salud correccionales los hubiesen derivado a la Instalación oeste.

¿Tiene preguntas? Llame al 833-915-0957 o visite www.NYCRestrictiveConfinement.com
Un anuncio sumario y una forma de petición en español están adjunto
- 3 -
1463

Las Personas confinadas quedan excluidas del acuerdo porque el DOC está autorizado a alojar a reclusos en condiciones restrictivas cuando una orden judicial válida emitida por un tribunal requiriese que el DOC lo hiciera.

Si hubiese estado alojado en las Instalaciones cubiertas durante un período en el que era una Persona con confinamiento o una Persona derivada por Enfermedades contagiosas, pero también hubiese estado alojado en las Instalaciones cubiertas durante el Plazo de la demanda colectiva durante los días en los que no cumplió con ninguna de esas definiciones, tiene derecho a recibir pagos por los días en los que no cumplió con ninguna de esas definiciones. Estos días se incluyen en el cálculo de la parte superior de este Aviso.

| 7. | ¿Qué es lo que se ofrece en el Acuerdo? |
|---|---|

El Acuerdo establece que los Miembros del grupo de demandantes reciban dinero de la manera siguiente:

a. los Miembros del grupo de demandantes recibirán $400 por cada día que hubiesen estado alojados en una Instalación cubierta durante el Plazo de la demanda colectiva cuando tuviesen 22 años o más y no se les hubiese diagnosticado con una Enfermedad mental grave, menos hasta el 25 % del total por honorarios de abogados y costas de litigio;

b. los Miembros del grupo de demandantes recibirán $450 por cada día que hubiesen estado alojados en una Instalación cubierta durante el Plazo de la demanda colectiva o cuando tuviesen 22 años o más y no se les hubiese diagnosticado con una Enfermedad mental grave, menos hasta el 25 % del total por honorarios de abogados y costas de litigio.

**Según los registros de la ciudad, las Partes han calculado los daños y perjuicios que cada Miembro del grupo de demandantes debe pagar. Según los registros de la Ciudad, cumplió con un total de 16 días en una Instalación cubierta durante el Plazo de la demanda colectiva. Según los registros de la ciudad, no eran tenía menos de 22 años o calificó como un Enfermo mental grave durante ninguno de esos días. En consecuencia, aparece en los registros de la Ciudad que tiene derecho a recibir, al menos, $4,800.00 si participase en el Acuerdo y cumpliese con todos sus términos, incluido el envío de un Formulario de reclamo. Si el Tribunal otorgase a los Abogados del grupo menos del máximo del 25 % por honorarios de abogados y costas de litigio, entonces, recibirá más.**

Los pagos realizados a Miembros individuales del grupo pueden reducirse si debiese manutención para hijos o si tuviese multas de estacionamiento no pagadas, sentencias comerciales, sentencias de la junta de control ambiental o gravámenes de Medicare. Además, debido a la Ley "Son of Sam" de Nueva York (Decreto de Nueva York, sección 632-a), la Oficina de Servicios a las Víctimas puede tener derecho a solicitar que se utilizara su pago para compensar a una de sus víctimas de delitos (si las hubiera).

**Si no estuviese de acuerdo con los cálculos establecidos con anterioridad, puede presentar un Objeción** al seguir el proceso explicado en el punto 7 anterior.

The Settlement also provides that the five remaining Class Representatives will receive an additional Service Award of $20,000 each to compensate them for their service as Class Representatives.

| 8. | ¿Qué sucede si no estuviese de acuerdo con la información de los registros de la Ciudad? |
|---|---|

El Administrador ha enviado por correo postal este Aviso y un Formulario de reclamo a todas las personas que la Ciudad y el Abogado del grupo considerasen que son Miembros del grupo. Es posible que fuese un Miembro del grupo de demandantes aunque no hubiese recibido un Formulario de reclamo. Es posible que se le hubiese dejado afuera de la lista del grupo de manera incorrecta debido a un error. Es posible que se lo hubiese designado de manera incorrecta como Persona con enfermedad contagiosa aunque hubiese estado en la Instalación oeste durante más de dos semanas o se lo hubiese derivado a la Instalación oeste por motivos no médicos. Es posible que se lo hubiese designado de manera incorrecta como Persona con confinamiento aunque no hubiese sido objeto de una orden judicial válida que requería condiciones restrictivas cuando se encontraba en una Instalación cubierta. O puede estar en la Lista del grupo, pero su Formulario de reclamo no se envió a su dirección actual o se perdió por correo.

También es posible que los cálculos establecidos en la primera página de este Aviso fuesen inexactos. La primera página de este Aviso establece cuántos días los registros de la ciudad dicen que pasó en las Instalaciones cubiertas, si su pago se calculase en base a la tasa regular de $400 por día o la tasa de $450 por día (para personas con Enfermedad mental grave o personas menores de 22 años) y cuál será su pago total después de que se dedujesen los honorarios de abogados y las costas de litigio, suponiendo que el Tribunal otorgase al Abogado del grupo la tarifa máxima de un 25 %. Pero es posible que hubiese estado más días de los que se le acreditasen o que se le acreditase la tasa regular de $400 por día, aunque tuviese derecho a la tasa de $450 por día porque tenía menos de 22 años o se le había diagnosticado una enfermedad mental grave cuando estuvo alojado en una instalación cubierta.

¿Tiene preguntas? Llame al 833-915-0957 o visite www.NYCRestrictiveConfinement.com
Un anuncio sumario y una forma de petición en español están adjunto
- 4 -
1463

Si creyese que es un Miembro del grupo de demandantes pero no hubiese recibido una carta con un Formulario de reclamo, debe comunicarse con el Administrador al llamar al (833) 915-0957 o enviar un correo electrónico a info@ NYCRestrictiveConfinement.com y preguntarle si está en la Lista del grupo de demandantes. Si estuviese en la Lista del grupo pero no hubiese recibido un Formulario de reclamo, el Administrador le enviará uno. También puede descargar un formulario de reclamo en www.NYCRestrictiveConfinement.com.

También puede presentar una **Objeción** si creyese que no está recibiendo la cantidad correcta de dinero por cualquiera de los motivos siguientes:

- estuvo alojado en una o más de las Instalaciones cubiertas durante el Período del grupo, pero no se le acreditará ninguno de esos días;

- se le acreditan menos días de los que realmente estuvo en las Instalaciones cubiertas durante el Período de la demanda colectiva mientras no era una Persona con confinamiento o una Persona derivada por Enfermedades contagiosas;

- su pago provisional se calcula en base a la tasa regular de $400 aunque hubiese tenido menos de 22 años o se le hubiese diagnosticado una Enfermedad mental grave durante algunos o todos esos días y, por lo tanto, su pago debe calcularse a la tasa de $450 por día.

- se lo ha designado como una persona derivada por enfermedades contagiosas aunque hubiese estado alojado en la Instalación oeste antes del 1 de febrero de 2020, durante más de catorce días consecutivos o se le envió a la Instalación oeste por motivos no médicos;

- se lo ha designado como una Persona confinada aunque no se hubiese alojado en una Instalación cubierta en base a una orden judicial válida emitida por un tribunal que requería que se alojase por separado de otros reclusos por motivos de seguridad.

**La fecha límite para presentar una Objeción es el 5 de septiembre de 2023.** Si desea enviar una Objeción, debe proporcionar al Administrador su nombre legal (o cualquier nombre que creyese que pudiese haberse utilizado en relación con su encarcelamiento por parte del DOC), fecha de nacimiento, dirección, nro. de NYSID (si se conociera) y número de teléfono; las fechas durante las cuales creyese que se encontraba en una Instalación cubierta (o una aproximación por mes y año de esas fechas); en qué Instalación cubierta creyese que se encontraba y cualquier información que creyese que explica o respalda su Objeción. Si estuviese objetando su estado como persona derivada por una Enfermedad contagiosa, también debe proporcionar una divulgación de registros médicos ejecutada conforme a la Ley de Responsabilidad y Transferibilidad de Seguros Médicos (Health Insurance Portability and Accountability Act, HIPAA), incluidas todas las subpartes, autorizar la divulgación al Departamento Legal de la ciudad de Nueva York y al Abogado del grupo de su historia clínica del DOC (puede obtener dicha divulgación al comunicarse con el Administrador al llamar al (833) 915-0957 o enviar un correo electrónico a info@NYCRestrictiveConfinement.com o en línea en www.NYCRestrictiveConfinement.com; toda su historia clínica se tratará como confidencial). Puede enviar una Objeción por correo postal a NYC Restrictive Confinement Settlement - 8305, PO Box 2413, Faribault, MN 55021-2378 o por correo electrónico a info@NYCRestrictiveConfinement.com o al presentarla en línea en www.NYCRestrictiveConfinement.com. **Si su Objeción no se presentara antes del 5 de septiembre de 2023, se rechazará como no realizada a tiempo.**

## 9.   ¿Puede la ciudad objetar mi reclamo de pago?

Si presentase un Reclamo, la Ciudad tiene derecho a objetar su Reclamo si creyese que: (i) su derecho a pago está vetado por una demanda anterior o por una exención firmada por usted; (ii) consintió por escrito su colocación en la Vivienda objeto de la demanda o (iii) no era un Detenido antes del juicio en el momento en que estaba alojado en la Vivienda objeto de la demanda. Si se realizara dicha Objeción a su Reclamo, se le notificará y tendrá derecho a oponerse a la Objeción.

## 10. ¿Qué tengo que hacer para obtener un pago?

**Para recibir un pago, es necesario que realizara dos cosas:**

**En primer lugar, DEBE enviar un Formulario de reclamo firmado y completado con matasellos o enviado de manera electrónica, a más tardar, el 5 de septiembre de 2023.** El Formulario de reclamo se encuentra adjunto a este Aviso. Puede usar el sobre con franqueo postal y dirección postal adjunto o enviarlo por correo en su propio sobre a NYC Restrictive Confinement Settlement - 8305, PO Box 2413, Faribault, MN 55021-2378. También puede enviar su Formulario de reclamo por correo electrónico a info@NYCRestrictiveConfinement.com o enviarlo en línea a www.NYCRestrictiveConfinement.com.

¿Tiene preguntas? Llame al 833-915-0957 o visite www.NYCRestrictiveConfinement.com.
Un anuncio sumario y una forma de petición en español están adjunto
- 5 -

1463

**En segundo lugar, DEBE cumplir con el requisito de Prueba de identidad.**

El Administrador intentará confirmar su identidad en base al número de seguro social, la fecha de nacimiento o el número de identificación de Nueva York (New York State Identification Number, NYSID) que proporcionase en el Formulario de reclamo. Si el Administrador no pudiese hacerlo, es posible que se le pidiese que presentase una identificación, en cuyo caso, debe hacerlo para tener derecho a recibir una compensación.

**Tenga en cuenta que debe informar al Administrador o al Abogado del grupo de demandantes si su dirección cambiase para que su cheque se enviase por correo postal a la dirección correcta.**

No se enviará ningún pago hasta que el Tribunal aprobase el Acuerdo. Incluso en ese momento, pueden surgir apelaciones. No está claro cuántas apelaciones puede haber, si hubiese alguna, y cuánto tiempo puede llevar resolverlas. Le solicitamos que tenga paciencia.

**Si tiene alguna pregunta sobre cómo completar el Formulario de reclamo, puede comunicarse con el Administrador al (833) 915-0957 o con el Abogado del grupo al (212) 620-2600.**

## 11. ¿A qué renuncio a cambio de recibir un pago?

A menos que se excluyese de este Acuerdo al optar por excluirse (consulte el nro. 12 a continuación), "Exonerará" o renunciará a ciertos "Reclamos exonerados" contra la Ciudad, que se definen a continuación. Esto significa que no puede demandar a la Ciudad, continuar una demanda contra la ciudad ni ser parte de ninguna otra demanda contra la ciudad, NYCDOC o sus empleados, por demanda colectiva o de otro modo, si esa demanda se relacionara con las acusaciones objetivas en este caso. A menos que se excluya, esto también significa que todas las decisiones del Tribunal lo obligarán. Pero no renuncia a su derecho de demandar a la ciudad por cosas que *no* están relacionadas con los reclamos en este caso.

El Acuerdo de conciliación describen en detalle los reclamos eximidos, por lo tanto, léalos detenidamente. Puede encontrar una copia del Acuerdo de conciliación en línea en www.NYCRestrictiveConfinement.com. Si tiene alguna pregunta, puede llamar al Abogado del grupo al (212) 620-2600.

## 12. ¿Cómo me retiro del Acuerdo de conciliación?

Si no deseara participar en este Acuerdo por cualquier motivo, incluido que desea conservar el derecho de presentar o continuar su propia demanda independiente contra la Ciudad, el DOC o sus empleados sobre los reclamos presentados en este caso, debe tomar medidas para excluirse de este Acuerdo. En ocasiones, se hace referencia a esto como "excluirse" de la Demanda colectiva. Para excluirse, debe enviar un formulario de exclusión firmado (u otro documento por escrito que contuviese su nombre, fecha de nacimiento, dirección y número de teléfono y una declaración firmada que indique que desea ser excluido del Acuerdo) al Administrador, **a más tardar, el 5 de septiembre de 2023**. Los formularios de exclusión pueden enviarse por correo a NYC Restrictive Confinement Settlement - 8305, PO Box 2413, Faribault, MN 55021-2378, por correo electrónico a info@NYCRestrictiveConfinement.com o en línea a www.NYCRestrictiveConfinement.com. Puede utilizar el sobre con franqueo postal y dirección que se adjunta para enviar por correo el Formulario de exclusión.

**Si no se excluyese de manera voluntaria y tampoco presentase un Formulario de reclamo, no recibirá pago alguno en virtud de este Acuerdo ni podrá presentar su propia demanda en relación con las cuestiones cubiertas por el Acuerdo.**

## 13. ¿Tengo un abogado en este caso? ¿Cómo se les pagará a los abogados?

El Tribunal ha designado a Cuti Hecker Wang LLP y Alexander A. Reinert, Esq. como Abogado del grupo en este caso. Los Abogados del grupo lo representarán a usted y a los demás Miembros del grupo. El Abogado del grupo de demandantes le pedirá al Tribunal que le otorgase honorarios y costas de abogados por un monto de hasta el 25 % del total del laudo de cada Miembro del grupo de demandantes. El Tribunal puede otorgar esa cantidad o puede otorgar menos.

Si el Tribunal adjudicase el máximo del 25 %, recibirá la cantidad indicada en la primera página de este Formulario de notificación. Si el Tribunal concediese menos al Abogado del grupo, recibirá más.

Puede comunicarse con el Abogado del grupo al:

> Cuti Hecker Wang LLP
> 305 Broadway, Suite 607
> New York, New York 10007
> dmullkoff@chwllp.com
> (212) 620-2600

Si deseara ser representado por su propio abogado, puede contratarlo por su cuenta y gasto.

¿Tiene preguntas? Llame al 833-915-0957 o visite www.NYCRestrictiveConfinement.com
Un anuncio sumario y una forma de petición en español están adjunto
- 6 -
1463

### 14.  ¿Qué efecto tendrá este pago sobre mis beneficios gubernamentales?

Hay muchos factores diferentes que podrían impactar sus beneficios gubernamentales basados en necesidades. Para conocer el efecto que este pago del acuerdo podría tener sobre sus beneficios gubernamentales, puede hablar con un asesor de beneficios gubernamentales con el Claimant Advocacy Group (Grupo de defensa de reclamantes) al llamar al 1-800-674-9756 o enviar un correo electrónico a cag@claimantadvocacy.com.

El asesor de beneficios le explicará las opciones que están disponibles para proteger sus beneficios gubernamentales basados en necesidades antes de que recibiese el pago del Acuerdo. El Claimant Advocacy Group se eligió para ayudar con cualquier inquietud sobre beneficios gubernamentales y suministrar información precisa, específica de su situación, para ayudarle a preservar sus beneficios. Si así lo deseara, también puede consultar con la agencia gubernamental que maneja sus beneficios.

### 15.  ¿Cómo le informo al Tribunal que disiento del Acuerdo?

Si fuese un Miembro del grupo y no se excluyese del Acuerdo, puede objetar el Acuerdo si alguna parte no le agradase. Puede decirle al Tribunal por qué cree que el Acuerdo no debe aprobarse o por qué cree que los Abogados del grupo de demandantes deben recibir menos del 25 % del total por honorarios de abogados y costas de litigio.

Para objetar, debe enviar una carta que incluyese lo siguiente: (a) su nombre, fecha de nacimiento, dirección y número de teléfono (si los hubiera); (b) una declaración que dijese que objeta al Acuerdo en *Miller et al. v. City of New York et al.*, 21-cv-2616; (c) los motivos por los que objeta; (d) si desea hablar en la audiencia de imparcialidad (consulte la pregunta 14 a continuación) y (e) su firma. Debe presentar su objeción, con matasellos, a más tardar, el **5 de septiembre de 2023** ante el Secretario del tribunal, Tribunal de distrito de los Estados Unidos de Norteamérica para el distrito sur de Nueva York, 500 Pearl Street, Nueva York, Nueva York 10007. Como alternativa, puede enviar su objeción por correo electrónico a info@NYCRestrictiveConfinement.com antes del **5 de septiembre de 2023**.

Debe conservar copias o fotos de cualquier cosa que enviase y prueba de cuándo la envió.

### 16.  ¿Cuándo y dónde decidirá el Tribunal si aprueba o no el Acuerdo de conciliación?

El Tribunal llevará a cabo una audiencia de imparcialidad para determinar si aprueba el Acuerdo el día miércoles 24 de enero de 2024 a las 2:00 p. m., ante el Honorable P. Kevin Castel en el Tribunal de distrito de los Estados Unidos de Norteamérica para el distrito del sur de Nueva York, ubicado en 500 Pearl Street, New York, NY 10007, Sala Judicial 11D. La audiencia podría trasladarse a una fecha y horario diferente sin otro aviso adicional, por lo que es recomendable verificar el sitio web en www.NYCRestrictiveConfinement.com para estar al tanto de cualquier actualización.

No es necesario que asistiese a la audiencia. Si desea hablar en la audiencia, debe solicitar hacerlo cuando presentase una objeción. En esta audiencia, el Tribunal considerará si la propuesta de Acuerdo es justa, razonable y adecuada. Si existiesen objeciones, el Tribunal las evaluará en la audiencia. Después de la audiencia, el Tribunal decidirá si aprueba o no el Acuerdo.

### 17.  ¿Qué sucede si decidiese no actuar?

Si no hiciera nada, no recibirá pago alguno. A menos que se excluyese (la "exclusión"), no podrá iniciar una demanda, continuar con una demanda o formar parte de cualquier otra demanda contra la ciudad, el DOC o sus empleados o cualquier otra persona o entidad relacionada con los reclamos en este caso.

### 18.  ¿Cómo me comunico con el Administrador para obtener más información?

Si tuviera alguna pregunta o necesitara más información, puede comunicarse con el Administrador en:

NYC Restrictive Confinement Settlement – 8305
PO Box 2413
Faribault, MN 55021-2378
(833) 915-0957
info@NYCRestrictiveConfinement.com
www.NYCRestrictiveConfinement.com

El sitio web del Acuerdo tiene copias del Acuerdo de conciliación, Formularios de reclamo y respuestas a preguntas comunes.

**¿Tiene preguntas? Llame al 833-915-0957 o visite www.NYCRestrictiveConfinement.com**
**Un anuncio sumario y una forma de petición en español están adjunto**
- 7 -
1463

### 14. How will this payment affect my government benefits?

There are many different factors that could impact your needs-based government benefits. To find out how a settlement payment in this case could affect your government benefits, you can speak to a government benefits consultant with the Claimant Advocacy Group by calling 1-800-674-9756, or by emailing cag@claimantadvocacy.com.

A benefits consultant will explain the options that are available to protect your needs-based government benefits before you receive a settlement payment. The Claimant Advocacy Group was chosen to assist with any government benefit questions and provide accurate information, specific to your situation, to help you preserve your government benefits. If you wish, you may also consult the government agency that handles your benefits.

### 15. How do I tell the Court that I do not like the Settlement?

If you are a Class Member and do not exclude yourself from the Settlement, you can object to the Settlement if you do not like any part of it. You can tell the Court why you think the Settlement should not be approved and/or why you think Class Counsel should be awarded less than 25% of the total awards for attorneys' fees and litigation costs.

To object, you must send a letter that includes the following: (a) your name, date of birth, address, and telephone number (if any); (b) a statement saying you object to the Settlement in *Miller et al. v. City of New York et al.*, 21-cv-2616; (c) the reasons you object; (d) whether you want to speak at the fairness hearing (*see* Question 14 below); and (e) your signature. You must mail your objection, postmarked no later than **September 5, 2023**, to (a) the Clerk of Court, United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007. In the alternative, you may email your Objection to info@NYCRestrictiveConfinement.com by no later than **September 5, 2023**.

You should keep copies or photos of anything you send and proof of when you sent it.

### 16. When and where will the Court decide whether to approve the Settlement?

The Court will have a fairness hearing to decide whether to approve the Settlement on Wednesday, January 24, 2024 at 2:00 p.m. before Hon. P. Kevin Castel at the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York 10007 in Courtroom 11D. The hearing may be moved to a different date or time without additional notice, so it is a good idea to regularly check the settlement website at www.NYCRestrictiveConfinement.com.

You do not have to come to the hearing. If you want to speak at the hearing, you must request to do so when you file an Objection. At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. If there are Objections, the Court will consider them at the hearing. After the hearing, the Court will decide whether to approve the Settlement.

### 17. What happens if I do nothing?

If you do nothing, you will not get any payment. Unless you exclude yourself ("opt out"), you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the City, DOC, or their employees or any other person or entity relating to the claims in this case.

### 18. How do I contact the Administrator for more information?

If you have questions or need more information, you can contact the Administrator as follows:

NYC Restrictive Confinement Settlement – 8305
PO Box 2413
Faribault, MN 55021-2378
(833) 915-0957
info@NYCRestrictiveConfinement.com
www.NYCRestrictiveConfinement.com

The Settlement website has copies of the Settlement Agreement, Claim Forms, and answers to common questions.

**Questions? Call 833-915-0957 or visit www.NYCRestrictiveConfinement.com**
**Un anuncio sumario y una forma de petición en español están adjunto**
- 7 -
1463

FROM:

Nekaybaw McNeal
1843 Central Avenue, suite 294,
Albany New York , (12205)

Pro Se

SDNY

RECEIVED
CLERK'S OFFICE
S.D.N.Y.

TO:

United States District Court
Southern District of New York
500 Pearl St , New York , NY
10007

RECEIVED
AUG - 1 2023
PRO SE OFFICE

ReadyPost.

Retail

U.S. POSTAGE PAID
FCM LG ENV
SCHENECTADY, NY 12305
JUL 27, 2023

$10.45

RDC 99

10007

R2303S103764-51

7022 3330 0000 5945 3154