**CUTI HECKER WANG LLP**

305 Broadway, Suite 607
New York, NY 10007

Eric Hecker
212.620.2600
ehecker@chwllp.com

Hon. Jennifer E. Willis  November 8, 2023
United States District Court
40 Foley Square
New York, NY 10007

      Re:    *Miller v. City of New York, 21-cv-02616-PKC-JEW*

Dear Judge Willis:

      Together with Alexander Reinert, we are Class Counsel in this certified class action, which is in the class administration phase. Judge Castel has scheduled the Fairness Hearing for January 24, 2024. As discussed below, the Stipulation of Settlement (attached to this letter without exhibits) provides that any disputes about a Class Member's eligibility for compensation must be submitted to Your Honor for a binding and final resolution. Many such disputes have arisen and remain unresolved. We therefore write under Rule II.A of Your Honor's Individual Practices to summarize the nature of the disputes and to request that the Court schedule a pre-motion conference and, if the disputes are not resolved at the conference, schedule full briefing.

Background

      This case involves the City's unlawful placement of pre-trial detainees in restrictive confinement in three Department of Correction facilities. Plaintiffs filed a putative class action in March 2021 alleging that such placements violated Plaintiffs' procedural and substantive due process rights. The parties conducted discovery and, at Judge Castel's direction, engaged in a lengthy mediation process with the assistance of the Director of the Court's ADR program. In April 2023, the parties executed the Stipulation, which provides that the Comptroller will make more than $53 million in compensation available to approximately 4,400 eligible Class Members. In May 2023, Judge Castel preliminarily approved the Stipulation, certified the class, and scheduled the Fairness Hearing for January 24, 2024.

      The Stipulation allows the City to Challenge a Class Member's eligibility on the ground that his "right to payment" is barred by a previously executed release. Stipulation ¶ 35. The City must provide "all documents that form the basis" of such a Challenge within 60 days of receipt of the Class Member's Claim Form. *Id.* ¶ 137. If the parties cannot resolve the Challenge after conferring, either party may seek Your Honor's final and binding determination. *Id.*

      Between August 28 and September 26, 2023, the City asserted a series of Challenges claiming that 79 Class Members had executed releases that allegedly bar payment in this case. Class Counsel responded to each such batch of Challenges, sending comprehensive emails on September 11, 13, 14, 21, 22, and 29 explaining why these Challenges lack merit. Class Counsel then followed up with defense counsel on October 5, 10, and 12, repeatedly urging them to meet and confer. Defense counsel finally made themselves available for a conference on October 20, during which they stated that they needed until November 3 to finalize their positions. Defense counsel did not meet that deadline, and when we followed up on Monday, defense counsel

provided some information about their positions but indicated that they needed until at least November 13 to respond fully, declining even to commit to that date.

Summary of Class Counsel's Positions

A full recitation of all of the reasons why the City's Challenges lack merit is beyond the scope of this pre-motion letter, but we offer the following summary.

The prior cases that gave rise to the releases at issue here had nothing to do with restrictive confinement claims. The City obtained alleged "general releases" in entirely unrelated matters, such as claims involving assaults, accidents, and the like. In many of the prior unrelated cases, the claimants were proceeding *pro se*, had been designated by the City as having a Serious Mental Illness, or both. In most of the prior unrelated cases, the claimants received a settlement payment far lower than the amount they purportedly released in this case. And in none of the prior cases was any claimant made aware that he was releasing valuable claims that might be and/or actually were the subject of a pending class action, even though the City obtained many releases after it knew this class action was pending, and even though the Comptroller reviewed the Class List and specifically approved making compensation available to each Class Member before the City entered into the Stipulation.

The City had submitted 79 Challenges as of September 26, 2023, but yesterday it withdrew eight of those Challenges. The City has confirmed that it will withdraw all Challenges based on releases that were executed before the individuals served compensable time or after Judge Castel certified the class. But the City also asserted six additional Challenges last week, only two of which are implicated by their concessions, meaning that a total of approximately 60 Challenges remain unresolved.

One of the more substantial issues is whether the City may rely on releases that were executed after this class action was filed. Roughly half of the approximately 60 outstanding Challenges are in this category. As our forthcoming merits briefing will show, any release the City obtained after the complaint was filed, without informing the Class Member that this action was pending, was inherently coercive, vesting this Court with authority under F.R.C.P. 23(d) to prevent abuse by barring application of the release in this action. *See, e.g.*, *Portillo v. Nat'l Freight, Inc.*, 2021 WL 3486894, at *6 (D.N.J. Aug. 9, 2021); *Marino v. CACafe, Inc.*, 2017 WL 1540717, at *2-3 (N.D. Cal. Apr. 28, 2017); 2 McLaughlin on Class Actions § 11:1 and n.34 (14th ed.) ("[I]f a defendant attempts to obtain a release of claims in a pending class action without informing putative class members of the pendency of the lawsuit, it is likely that the releases obtained would be voidable."). The City has indicated that it will not concede this point.

Additionally, most if not all of the alleged releases are invalid under New York contract law. Where one party has superior knowledge of facts that the other party cannot obtain with reasonable efforts, and where that information would be material to the party with the information deficit, courts have not hesitated to invalidate the resulting contract. *See Sterling Nat. Bank v. Israel Disc. Bank of New York*, 305 A.D.2d 184, 186 (1st Dep't 2003). As we will show, under New York law, the City's superior knowledge of the valuable claims that it purportedly was inducing unknowing claimants to release precludes the City from benefiting from such releases here.

Letter to Judge Willis<br>November 8, 2023

There are a variety of additional reasons why the City's Challenges lack merit, including:

- The City has failed to show that many of the releases were actually signed by the Class Member as opposed to a different person with the same name, a requirement that the City has agreed it must meet to support its Challenge. Compounding this failure, many of the releases contain irregularities with respect to the signatures of the purported releasor or the notary. Even if, at this late date, the City provides evidence establishing that a Class Member executed the relevant release, the City Challenge would be untimely under the Stipulation.

- Several of the alleged releases are limited releases that do not apply to the facts of this case, either by their explicit terms or because they are so ambiguous that they cannot be treated as general releases. *See*, *e.g.*, *McKinley v. Crevatas*, 2022 WL 2066195 (S.D.N.Y. Jun. 8, 2022).

- Several of the City's Challenges are untimely.

Proposed Next Steps

We recognize that the City has not yet taken firm positions on all outstanding issues, but we nevertheless believe it is appropriate to submit this letter now for many reasons, including: at a minimum, the City has made clear that it will not withdraw its approximately 30 outstanding Challenges based on releases that were executed after the filing of this class action in March 2021 (but before Judge Castel's preliminary approval of the settlement in May 2023); the City has strongly signaled that it will not concede various other points that implicate many if not most of the other outstanding Challenges; we have been waiting nearly two months for the City to finalize its positions, and defense counsel has not even committed to a firm date for doing so; time is running short given that Class Counsel anticipates moving for final approval on or about January 10, 2024; and litigation of at least some, if not most or all, of the outstanding issues appears inevitable. We therefore respectfully request that the Court schedule a pre-motion conference, and if defense counsel wishes to meet and confer with us and attempt to narrow the outstanding issues between now and the conference, we will of course work with them.

Because many of the releases at issue were drafted and executed directly by the Office of the Comptroller, we believe that a senior representative of the Comptroller should participate in these proceedings. We hope defense counsel will agree, but if not, we ask Your Honor to so direct. As noted above, many of the alleged releasors were proceeding *pro se*, had been designated as having a Serious Mental Illness, or both when the Comptroller purportedly obtained their general release of all unknown claims. This fact, along with the other serious issues we have raised regarding the releases, makes it imperative that the Comptroller clarify whether he really intended, by securing releases in entirely unrelated cases, to bar Class Members from receiving otherwise approved compensation in this class action.

We appreciate the Court's attention to this matter and look forward to the opportunity to address these issues in more detail through full briefing.

Letter to Judge Willis
November 8, 2023

Respectfully submitted,

Eric Hecker

cc: All Counsel of Record