

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ALAN H. SCHEINER
*Senior Counsel*
phone: (212) 356-2344
fax: (212) 356-39094
email: ascheine@law.nyc.gov

November 17, 2023

**Via ECF**
Hon. Jennifer E. Willis
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

  Re: *Miller et al. v. City of New York et al.*, 21 Civ. 2616 (PKC)(JEW)

Your Honor:

  I am a Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York (the "City,") counsel for defendants in this matter. I write in response to plaintiffs' letter requesting a premotion conference on the issue of the City's Challenges based on general releases executed by class claimants in the settlement of unrelated lawsuits against the City. (ECF No. 108).

  As an initial matter, plaintiffs' request for a premotion conference is premature, as defendants informed plaintiffs' counsel prior to filing their letter. For the reasons stated by the City in the letters dated November 8 and 17, 2023 (ECF Nos. 107, 112), regarding the date of the fairness hearing, there is no immediate need for the Court to resolve these matters. Also, the facts surrounding plaintiffs' contentions with respect to some releases are still under review. Accordingly, the Court should not schedule a premotion conference until after the Court resolves the question of the timing of the final approval hearing, which defendants believe will remove any urgency and allow time for further investigation by the parties.

  **Background.** The Stipulation of Settlement (ECF No. 85-2) provides that the City may challenge any claim on the grounds that "that the person's right to payment is barred . . . by a general or limited release executed by such person." Stipulation, ¶ 35. The City challenged certain claims, providing plaintiffs' counsel with copies of the applicable general releases. Plaintiffs make several arguments against the validity of the releases, finding some excuse to avoid nearly each and every one. In general, plaintiffs' arguments rest on the infantilizing and unsupported presumption that class members are incapable of entering into binding settlements. They also rest on the presumption that the actual facts of each release are irrelevant. For example, plaintiffs'

counsel assert that the City has not proven the identity of the releasors, without representing that the class members did not actually execute the releases in question.[1]

**Releases Executed After the Complaint was Filed.** Plaintiffs' most sweeping contention is that any general release executed in favor of the City is ineffective as to class claims, if it was executed after the instant complaint was filed on March 25, 2021. That argument assumes that class members are incapable of making an effective general release because they might not know about a pending class action. In Fiscal Year 2002, the City received over 32,000 new claims, and settled over 12,000 claims. *See* FY2022 Annual Claims Report (https://comptroller.nyc.gov/reports/annual-claims-report/). Plaintiffs contend, then, that the City must act on behalf of 32,000 annual adverse claimants by researching, prior to settlement, whether they are a potential member of a putative class action, and inform the claimants and their counsel of that before obtaining a settlement. Plaintiffs point to no case law whatsoever that imposes such a burden, of course because such an oppressive and unfair task is not imposed by the law.

Plaintiffs' knowledge of a pending class action is irrelevant to the effectiveness of the release. "Words of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies." *Mateo v. Carinha*, 799 F. App'x 51, 53 (2d Cir. 2020) (enforcing general release); *see also, e.g.*, *Valdiviezo v. Greer,* 787 F. App'x 48, 49 (2d Cir. 2019) (affirming summary judgment dismissing Section 1983 claims); *Alicea v. City of New York*, No. 16-cv-7347, 2023 U.S. Dist. LEXIS 93318, *16 (S.D.N.Y. May 30, 2023) (granting motion for judgment on the pleadings dismissing Section 1983 claims).

A parties' subjective beliefs about the effect of a general release on other claims are irrelevant, as is the parties' pro se status in the other matters. See Johnson v. City of N.Y., No. 21-CV-10535 (VSB), 2023 U.S. Dist. LEXIS 153903, at *11-12 (S.D.N.Y. Aug. 31, 2023) (irrelevant that plaintiff was "unaware" that the release would waive other claims); Bolling v. City of New York, No. 18CV5406PGGRWL, 2020 U.S. Dist. LEXIS 250823, *11-12 (S.D.N.Y. Nov. 19, 2020), report and recommendation adopted, 2021 U.S. Dist. LEXIS 47866 (S.D.N.Y. Mar. 15, 2021) (enforcing general release against pro se litigant). A signed release shifts the burden to the plaintiff to show that there has been "duress, illegality, fraud, or mutual mistake." Ogbolu v. Trs. of Columbia Univ., No. 21-CV-1697 (JPO), 2022 U.S. Dist. LEXIS 17343, at *8 (S.D.N.Y. Jan. 31, 2022) (quotation omitted), aff'd, No. 22-419-cv, 2023 U.S. App. LEXIS 6686, * 5 (2d Cir. Mar. 21, 2023). Plaintiffs make no attempt to meet that burden.

Rather, plaintiffs make the sweeping assertion that all the general releases are invalid as to class claims, if made after their case was filed. There is no such rule, and plaintiffs offer only inapposite authority for their contention. Portillo v. Nat'l Freight, Inc., No. 15-cv-7908-JHR-KMW, 2021 U.S. Dist. LEXIS 148725, at **4, 12-14 (D.N.J. Aug. 9, 2021) (employer could not

---

[1] Plaintiffs also improperly contend that additional information that had been requested by plaintiffs was "untimely" provided by the City, because that information was not presented within the contractual deadline for a City Challenge. The Stipulation requires only that the City provide the information that it relies upon for the City Challenge, which is the release itself.

rely on choice of law clause in employment contract that it required of employees to remove class members from an employment class action); Marino v. CACafe, Inc., No. 16-cv-6291 YGR, 2017 U.S. Dist. LEXIS 64947, at *3-4 (N.D. Cal. Apr. 28, 2017) (employer defendant should not affirmatively reach out to class members to induce them to waive class claims); Sterling Nat. Bank v. Israel Disc. Bank of New York, 305 A.D.2d 184, 186 (1st Dep't 2003) (financial fiduciary duty may have required the disclosure of certain facts when a bank induced its clients to enter into a financial contract).  None of these authorities have anything to do with the arms-length settlement of claims brought against the City by adverse parties.

**Releases By "SMI" Persons.**  Plaintiffs also implicitly argue, again without authority, that releases are invalid solely because they are made by persons designated by the Correctional Health Service at some time as having a "Serious Mental Illness" or "SMI."  See Plaintiffs' Letter at p. 3.  Despite plaintiffs' comingling of the concepts, SMI designation does not by any means imply legal incompetence or incapacity.  Rather, SMI is a statutory designation affecting the mandated conditions of confinement for SMI persons in correctional facilities in New York State. See N.Y. Correct. Law § 137 (Consol., Lexis Advance through 2023 released Chapters 1-607). The definition of SMI includes, for example, schizophrenia, bipolar disorder and major depressive disorder.  Id.  A determination of legal incapacity, by contrast, requires proof by clear and convincing evidence under an exacting standard, which plaintiffs make no attempt to meet.[2]

**Request for Comptroller's Office Attendance.**  Plaintiff also makes the inappropriate request that the Court compel a representative of the New York City Comptroller to appear at a premotion conference.  Courts do not generally compel the appearance of corporate or governmental parties, and plaintiffs' counsel offer no reason to depart from that practice here.  The terms of the Stipulation and prevailing law control the outcome on these issues, and the New York City Charter entrusts the Corporation Counsel with litigation decisions on behalf of the City, not the Comptroller.  See N.Y. City Charter, Art. 17, § 394(b) (Corporation Counsel "shall have charge and conduct of all the law business of the City").[3]

We thank the Court for its consideration of this matter.

                                               Sincerely,
                                               *Alan H. Scheiner* /s/
                                               Alan H. Scheiner
                                               Senior Counsel
                                               Special Federal Litigation Division

cc (via ECF):  All counsel

---

[2] New York State defines incapacity as requiring a finding by clear and convincing evidence that the person "is likely to suffer harm because: 1. the person is unable to provide for personal needs and/or property management; and 2. the person cannot adequately understand and appreciate the nature and consequences of such inability." N.Y. Mental Hyg. Law Article § 81.02(b).

[3] Plaintiffs raise other issues which depend on the facts of particular releases, and which defendants cannot address here.  Defendants reserve the right to make any arguments in any future motion on this subject.