UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

DAHKEEM MILLER; JOSE GUITY;  　　　　　　　Case No. 21-cv-2616 (PKC) (JW)
TRAVIS BUTLER; ARIAN PERALTA;
GARY GARCIA, JR.; BOBBY DEE 　　　　　　　　[PROPOSED] ORDER
CRUZ, and ISAIAH MUHAMMAD,
on their own behalf and on behalf
of others similarly situated,

　　　　　　　Plaintiffs,

　　-v-

CITY OF NEW YORK; CYNTHIA BRANN;
TIMOTHY FARRELL; HAZEL JENNINGS;
and BRENDA COOKE,

　　　　　　　Defendants.
----------------------------------------------------------X

　　**WHEREAS**, the Court preliminarily approved the parties' Stipulation of Settlement and conditionally certified the class on May 8, 2023;

　　**WHEREAS**, the Stipulation of Settlement provided a mechanism for Class Members and/or persons claiming to be Class Members (collectively, "Challengers", as identified in Exhibit A) to request that Class Counsel and the NYC Law Department obtain and review their medical records for the time periods stated on the attached Exhibit A, maintained by non-party NYC Health + Hospitals/Correctional Health Services ("CHS"), in connection with determinations relating to their eligibility for compensation;

　　**WHEREAS**, the medical records maintained by non-party CHS may include sensitive information such as, mental health records protected under Article 31 of New York Mental Hygiene Law (MHL), HIV-related information protected under Article 27-F of New York Public Health Law (PHL), and substance use disorder (SUD) treatment records protected under 42 CFR Part 2;

　　**WHEREAS**, the Stipulation of Settlement further provided that Challengers who requested that their medical records be obtained and reviewed were required to execute and submit HIPAA-compliant medical records releases authorizing the release of medical records, including sensitive information, to Class Counsel and the NYC Law Department;

　　**WHEREAS**, pursuant to the Stipulation of Settlement, many Challengers were provided with such HIPAA-compliant medical records releases which had a pre-populated expiration date of January 31, 2024;

**WHEREAS**, various Challengers signed such HIPAA-compliant medical records releases after January 31, 2024 (or signed the releases prior to that date, but the records were not produced by the expiration date);

**WHEREAS**, CHS received such HIPAA-compliant medical records releases after the pre-populated expiration date of January 31, 2024 and cannot release the medical records pursuant to an expired release and thereby requests a court order for the disclosure of the medical records;

**WHEREAS**, the City seeks an order directing CHS to provide Class Counsel and the NYC Law Department with the Challengers' medical records, including mental health information and HIV information to the extent it may exist, pursuant to MHL § 33.13(c) (1) and PHL § 2785(6) respectively, for the time periods specified in Exhibit A;

**WHEREAS**, the NYC Law Department has made a separate application under 42 CFR Part 2 for an order directing CHS to provide Class counsel and the NYC Law Department with the Challengers' SUD treatment records limited to what may be included in the general medical record, and excluding program records maintained separately from the general medical record;

**WHEREAS**, pursuant to MHL § 33.13(c)(1), the Court finds that the interests of justice significantly outweigh the need for confidentiality of the mental health records requested;

**WHEREAS**, upon application and hearing pursuant to PHL §§ 2785(1), (3)-(5), the Court hereby finds under PHL § 2785(2) that there is a compelling need for disclosure of the Challengers' HIV records to the extent they may exist, for the adjudication of the underlying civil proceeding;

**NOW**, upon considering the matter [, including at a hearing on May 15, 2024,] and for good cause shown, it is **HEREBY**:

**ORDERED** that CHS provide Class Counsel and the NYC Law Department with a copy of the Challengers' medical and mental health records, including any HIV information, for the time periods specified in Exhibit A; and

**IT IS FURTHER ORDERED** that to the extent that such records contain SUD treatment records protected under 42 CFR Part 2, such information shall be redacted prior to disclosure unless CHS is in receipt of an appropriate order and so-ordered subpoena in compliance with 42 CFR Part 2; and

**IT IS FURTHER ORDERED** that any mental health information in the medical records shall be produced subject to the limitations on use, disclosure, and re-disclosure set forth in MHL § 33.13(f), or otherwise ordered by the Court; and

**IT IS FURTHER ORDERED** that to the extent that HIV records exist, pursuant to PHL § 2785(6), the Court (a) limits disclosure to that information which is necessary to fulfill the purpose for which the order is granted; (b) limits disclosure to the Class Counsel and the NYC Law Department, whose need for the information is the basis for the order, and specifically

prohibits redisclosure by such persons to any other persons, whether or not they are parties to the action; (c) conforms to the provisions of Article 27-F of the PHL; and (d) further limits any disclosures not authorized by this order; and

~~**IT IS FURTHER ORDERED** that pursuant to PHL § 2785(3), the transcript and/or records of the hearing that took place on _____ be sealed; and~~

**IT IS FURTHER ORDERED** that except as otherwise authorized and ordered by this Court, Class Counsel and the NYC Law Department in receipt of confidential information pursuant to this order shall keep such information confidential and may not disclose such information unless permitted under applicable state or federal law absent the written consent of the subject of the records; and

**IT IS FURTHER ORDERED** that Class Counsel and the NYC Law Department shall maintain the confidentiality of all such medical records produced in this litigation, as provided in the July 16, 2021 Stipulation of Confidentiality and Protective Order and pursuant to paragraph 133 of the Stipulation of Settlement, and use the medical records solely as necessary and appropriate for the purposes provided in this order.

SO ORDERED:

_____
Hon. P. Kevin Castel, U.S.D.J

Dated: May 15, 2024

[Handwritten annotation: "To preserve confidentiality of the affected individuals, the Court FURTHER ORDERS that Exhibit A HERETO IS SEALED."]