UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| DAHKEEM MILLER; JOSE GUITY; TRAVIS BUTLER; ARIAN PERALTA; GARY GARCIA, JR.; BOBBY DEE CRUZ, and ISAIAH MUHAMMAD, on their own behalf and on behalf of others similarly situated, | Case No. 21-cv-2616 (PKC) (JW)<br><br>**[PROPOSED] ORDER** |

                Plaintiffs,

-v-

CITY OF NEW YORK; CYNTHIA BRANN;
TIMOTHY FARRELL; HAZEL JENNINGS;
and BRENDA COOKE,

                Defendants.
-------------------------------------------------------X

    Upon application of the City, made pursuant to 42 U.S.C. § 290dd-2, 42 CFR §§ 2.61, 2.64, Mental Hygiene Law §§ 22.05 (b), 33.13 (c)(1), wherein the City seeks disclosure of program records as defined under 42 CFR § 2.11, and clinical records, limited to patients' records as defined under Mental Hygiene Law §§ 33.16 (a)(1) and 22.05 (b), respectively, pertaining to JOHN AND JANE DOES 1 through 117, while in custody of the New York City Department of Correction, for the period specified in Exhibit A, to Class Counsel and the NYC Law Department; AND

    Pursuant to 42 CFR § 2.64 (b) (1-2), upon the adequate notice and opportunity to JOHN AND JANE DOES 1 through 117, through their attorneys and agents, Class Counsel, to be heard; AND

    Pursuant to 42 CFR § 2.64 (c), in a manner which ensured that patient identifying information was not disclosed to anyone other than a party to the proceeding, the patient, or the person holding the records.

NOW, this Court, upon due deliberation, finds the following: *and after conducting a hearing on May 15, 2024*

    (1) That pursuant to 42 CFR § 2.64. good cause exists for the disclosure of the sought-after program records because:

        (i)    Other ways of obtaining the information are not available or would not be effective; and

(ii) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services; and

(iii) That pursuant to 42 CFR §§ 2.20, 2.61, and Mental Hygiene Law §§ 22.05 (b), 33.13 (c)(1), the interests of justice significantly outweigh the need for confidentiality of the sought-after records and information.

IT IS HEREBY ORDERED that NYC Health + Hospitals/Correctional Health Services is authorized pursuant to 42 USC § 290 dd-2(b)(2)(C) and 42 CFR §§ 2.61 (a-b), 2.64, and compelled pursuant to 42 CFR §§ 2.20, 2.61 (2), and Mental Hygiene Law §§ 22.05 (b) and 33.13 (c)(1), upon receipt of a valid subpoena to accompany the within Order pursuant to 42 CFR § 2.61, to:

(1) Produce program records for the time period specified in Exhibit A, to the extent they may exist, as defined under 42 CFR §2.11, and clinical records as limited to patient records as defined under Mental Hygiene Law §§ 33.16 and 22.05, respectively, limited to what may be included in the general medical record, and excluding program records maintained separately from the general medical record, pertaining to JOHN AND JANE DOES 1 through 117, to Class Counsel and the NYC Law Department, (i) limiting disclosure to those parts of the patient's record which are essential to fulfill the objective of the order pursuant to 42 CFR §§ 2.1, 2.64; limiting disclosure to Class Counsel and the NYC Law Department whose need for information is the basis for the order; and including such other measures as are necessary to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services; and (ii) pursuant to Mental Hygiene Law § 33.13 (f), limiting the disclosure to that information necessary in the light of the reason for disclosure.

~~IT IS FURTHER ORDERED that pursuant to 42 CFR § 2.64 the transcript and/or records of this hearing be sealed; and~~

IT IS FURTHER ORDERED that except as otherwise authorized and ordered by this Court, Class Counsel and the NYC Law Department in receipt of confidential program record information pursuant to this order shall keep such information confidential and may not disclose such information unless permitted under applicable law absent the written consent of the subject of the records, as defined under 42 CFR § 2.31.

SO ORDERED:

_____
Hon. P. Kevin Castel, U.S.D.J

Dated: May 15, 2024

[Handwritten annotation: "To maintain confidentiality of affected individuals, the Court ORDERS that FURTHER EXHIBIT A to this ORDER is SEALED."]