

**THE CITY OF NEW YORK**

MURIEL GOODE-TRUFANT
*Acting Corporation Counsel*

ALAN H. SCHEINER
*el*
*44*
*94*
*ov*

> This request is GRANTED in part and DENIED in part. The City's request for an extension to respond to the second motion for approval of challenges is GRANTED, but only until **August 29th**.
>
> SO ORDERED.
>
> *Jennifer E. Willis*
> _____
> Jennifer E. Willis
> United States Magistrate Judge
>
> July 9, 2024

**Via ECF**
Hon. Jennifer E. Willis
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Miller et al. v. City of New York et al.*, 21 Civ. 2616 (PKC) (JW)

Your Honor:

    I am a Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York (the "City"), counsel for defendants in this matter. I write to respectfully request an adjournment of time for the City to respond to plaintiffs' second motion for approval of challenges, filed June 26, 2024. *See* ECF No. 181. Pursuant to Local Rule 6.1 the City's response to that motion would be due July 10, 2024. Defendants respectfully request that the Court hold that motion in abeyance until after the Court has ruled on plaintiffs' previously filed challenge motion. Defendants made this request to plaintiffs' counsel before they filed their application, but plaintiffs did not agree. This request will not affect any other deadlines in this case.

    This request is warranted for two reasons. First, a ruling on the plaintiffs' previously pending motion regarding medical challenges would resolve all or most of the dispute between the parties on the additional disputed challenges, because they concern similar issues regarding the nature of the medical evidence required to resolve the challenges. A ruling on the previously pending motion would likely allow the parties to reach agreement on all or most of the additional disputes. This, the delay would avoid an unnecessary burden on defendants and the Court.

    Second, defendants' undersigned counsel has not and will not be available to respond to the motion for several weeks due to previously scheduled briefing deadlines and depositions in several other matters, including two dispositive motion memoranda filed June 28, 2024, pre-trial submissions due July 15 and 22, 2024, in a trial scheduled to begin August 12, 2024 (as well as the July 4 holiday and related pre-planned family vacation). Plaintiffs' assertion that a response imposes no significant burden on defendants is untrue and disingenuous because any briefing on the merits with respect to the content of medical records is burdensome, and plaintiffs' counsel chose the timing of their application for their own convenience.

2

There is no prejudice to plaintiffs from delaying defendants' response as requested. That is especially obvious from plaintiffs' agreement that numerous other pending challenges may await the Court's ruling on their previous application before the need for briefing. There is no reason that the additional two challenges could not be resolved at that time as well.

Accordingly, defendants respectfully request that the Court hold plaintiffs' second challenge motion in abeyance until after the Court's ruling on their first challenge motion, and allow defendants two weeks from that ruling to make any response that is still required at that time.

We thank the Court for its consideration of this matter.

Sincerely,

*Alan H. Scheiner* /s/

Alan H. Scheiner<br>
Senior Counsel<br>
Special Federal Litigation Division

cc (via ECF) : All Counsel