UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

DAHKEEM MILLER; JOSE GUITY;     Case No. 21-cv-2616 (PKC) (JW)
TRAVIS BUTLER; ARIAN PERALTA;
GARY GARCIA, JR.; BOBBY DEE
CRUZ, and ISAIAH MUHAMMAD,
on their own behalf and on behalf
of others similarly situated,

          Plaintiffs,

      -v-

CITY OF NEW YORK; CYNTHIA BRANN;
TIMOTHY FARRELL; HAZEL JENNINGS;
and BRENDA COOKE,

          Defendants.

-------------------------------------------------------X

# SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF
# MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT

Eric Hecker
John R. Cuti
Alexander Goldenberg
Daniel Mullkoff
Jazly Liriano
WANG HECKER LLP
305 Broadway, Sixth Floor
New York, NY 10007
(212) 620-2600

Alexander A. Reinert
55 Fifth Avenue, Room 1005
New York, NY 10003
(646) 592-6543

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.    THE RESULTS OF THE CLAIMS ADMINISTRATION AND CHALLENGE PROCESSES FURTHER DEMONSTRATE THAT FINAL APPROVAL OF THE PROPOSED SETTLEMENT IS WARRANTED ........................................................... 2

    A.  Valid Late Claims ................................................................................................ 3

    B.  Class Member Challenges ................................................................................... 3

    C.  Class Member Identification Verification .......................................................... 4

    D.  City Challenges Based on Releases .................................................................... 5

    E.  City Challenges Based on Pre-Trial Detainee Status ......................................... 6

    F.  Summary of Final Results ................................................................................... 7

II.   THE ATTORNEYS' FEES AND COSTS REQUESTED BY CLASS COUNSEL ARE FAIR AND REASONABLE ................................................................................... 7

CONCLUSION ....................................................................................................................... 9

Plaintiffs Jose Guity, Arian Peralta, Gary Garcia, Jr., Bobby Dee Cruz, and Isaiah Muhammad hereby respectfully submit this supplemental memorandum of law in further support of the pending motion for final approval of the proposed class action settlement.

## PRELIMINARY STATEMENT

On January 10, 2024, Class Counsel moved for final approval of the proposed settlement, to finally certify the proposed settlement class, and to approve requests for class representative service awards and attorneys' fees and costs. ECF No. 131. Because the class administration process was still underway, and because many individual eligibility challenges had not yet been adjudicated, Class Counsel requested that the Court hold the motion open in anticipation of this supplemental submission. We are pleased to report that the administrative process is now fully concluded, and for the reasons that follow, we respectfully submit that the case for granting final approval, which already was exceptionally strong, has strengthened.

More than 65% of the Class (2,893 Class Members out of 4,400) is participating. Of the $52,991,500 in compensation that was made available to be claimed by Class Members, more than 92.7% (a total of $49,130,750) will be paid. That is not just impressive. To our knowledge, it is unprecedented in any similar case.

Notably, Class Counsel diligently litigated well over 100 eligibility challenges lodged by and against Class Members, achieving extraordinary success before Magistrate Judge Willis. All told, the City successfully challenged the compensation of 21 individuals whom Judge Willis determined were not Pre-Trial Detainees when they served some or all of their time in the Covered Facilities, reducing their compensation by a total of $329,250. Class Counsel successfully pursued challenges on behalf of 79 persons that increased total compensation by $302,200. Moreover, Class Counsel thwarted the City's efforts to reduce compensation to 105

1

Class Members by a total of $6,613,200 based on releases those Class Members executed in connection with prior settlements with the City in unrelated individual cases.

Point I below explains the nature and results of the class administration and challenge adjudication processes that have taken place since Class Counsel first moved for final approval last January and sets forth the final participation statistics. Point II below sets forth Class Counsel's updated lodestar to date in furtherance of that part of the pending motion that seeks an award of attorneys' fees and costs.

## ARGUMENT

I. **THE RESULTS OF THE CLAIMS ADMINISTRATION AND CHALLENGE PROCESSES FURTHER DEMONSTRATE THAT FINAL APPROVAL OF THE PROPOSED SETTLEMENT IS WARRANTED**

When Class Counsel first moved for final approval in January 2024, 2,629 out of the 4,404 individuals who were initially identified as Class Members had submitted claim forms, claiming a total of $47,557,400. Reinert 1/10/24 Decl. (ECF 131-2) ¶ 34. Five things have changed since then: (a) additional Class Members validly submitted claim forms during the remainder of the late claims period; (b) certain Class Members who already were identified on the Class List successfully challenged either the number of days for which they are eligible for compensation or whether they are entitled to an enhanced per diem based on their age or mental health status; (c) a small number of Class Members failed to verify their identities as required by the Stipulation and therefore have been excluded from participating; (d) Class Counsel successfully defeated scores of eligibility challenges that the City asserted with respect to Class Members who executed putative general releases in connection with prior individual settlements with the City; and (e) the City prevailed in arguing that putative Class Members who were both serving sentences and also facing new charges when housed in the facilities at issue were not Pre-Trial Detainees when they served some or all of their time in the facilities and therefore are

2

not entitled to compensation for that time. Each of these developments is discussed in turn below.

A. **Valid Late Claims**

Paragraph 135 of the Stipulation allowed Class Members to submit claim forms for up to 60 days after the final January 4, 2024, deadline if they could demonstrate good cause for being late. During that 60-day post-deadline late claims period, Class Counsel continued to devote substantial resources to their diligent outreach efforts, both directly and with the assistance of defender organizations and other partners. After claims were received during the late claims period, Class Counsel contacted those Class Members to ascertain whether there was good cause for the claims to be accepted (such as the person being incarcerated or not having previously received notice of the settlement). As a result, an additional 303 Class Members were located and submitted late claim forms that were accepted by the Administrator, claiming an additional $2,034,400 in compensation. Reinert Supp. Decl. ¶ 5.

B. **Class Member Challenges**

Paragraphs 132 through 136 of the Stipulation allowed Class Members to submit challenges asserting that they were entitled to additional compensation – either because they served additional eligible days or because they should be compensated at the enhanced Youth/Serious Mental Illness rate – or for persons who did not appear on the Class List to submit challenges asserting that they are Class Members. In total, Class Counsel reviewed timely challenges filed by 442 individuals. *Id.* ¶ 6.

For each of those challenges, Class Counsel obtained and reviewed the relevant records to determine whether the challenge had merit. In many instances, Class Counsel and the City were able to reach agreement regarding whether a challenge should be granted. For example, in

every single instance in which a person not on the Initial Class List asserted that he believed he should be, the records produced by the City confirmed that the initial Class List was accurate and that the person was not confined in the subject facilities during the class period. *Id.* ¶ 7.

The parties did not reach agreement on a small number of challenges, all of which concerned whether the individuals had been housed in West Facility because Correctional Health Services had in fact determined that they had contracted or were suspected of having a contagious disease. The parties submitted those disputed challenges to Judge Willis for final and binding determinations, and on September 26, 2024, Judge Willis upheld the vast majority of those challenges.

In total, 79 challenges were granted, resulting in additional gross compensation of $302,200.00 for those Class Members. *Id.* ¶ 8. This resulted in one additional person being added to the Class List (the other successful challengers were already Class Members).

C. **Class Member Identification Verification**

Pursuant to Paragraph 149 of the Stipulation, the Administrator was required to verify the identity of each Class Member who submitted a claim form by comparing the Social Security number, date of birth, and/or NYSID number on the claim form to that on the Class List.

Nearly 200 Class Members submitted claim forms that did not contain sufficient information to verify their identities, claim forms that were unsigned, and/or claim forms with names that did not match the Class List. Class Counsel worked for months to contact those Class Members and obtain the information necessary to verify their identities, obtain signed claim forms where necessary, and verify that their correct legal name is used on the Amended Class List. As a result, the vast majority (approximately 189) of those Class Members' claims were

4

verified with their correct legal names, and they thus are now listed on the Amended Class List and are eligible for compensation. *Id.* ¶ 10.

Despite Class Counsel's efforts, eight individuals who submitted claims did not verify their identities. One of those individuals (who submitted an unsigned, unverified claim form) informed Class Counsel that he does not wish to participate in this lawsuit. Some of the other seven claims may have been submitted by a person other than the Class Member. The individuals who did not verify their identities do not appear on the Amended Class List. *Id.* ¶ 11.

### D.     City Challenges Based on Releases

Many Class Members have previously entered into settlement agreements with the City in unrelated individual cases (such as, for example, cases asserting excessive force, failure to protect, and other tort-like claims). Many of those who entered into such unrelated individual settlement agreements did so after they served some or all of the time in restrictive confinement at issue in this Action. Paragraph 35 of the Stipulation allowed the City to challenge the eligibility of any Class Member who executed a release in a prior case. The City did so for scores of individuals, arguing that by releasing their claims in prior cases and signing what the City maintained were general releases, such Class Members extinguished their right to receive compensation for any time they served in the covered facilities prior to the execution of those releases.

The City lodged a total of 105 such challenges, attempting to block a total of $6,613,200 in Class Member compensation. Class Counsel successfully opposed every single one of the City's challenges based on releases. *Id.* ¶ 12.

Class Counsel first advocated directly with the City, presenting the City with a variety of reasons why it should reconsider its reliance on the prior releases at issue. As a result of those

5

discussions, the City agreed to withdraw 44 challenges that sought to block a total of $2,266,400 in Class Member compensation. *Id.* ¶ 13.

The City refused to withdraw its 61 other release challenges, which, pursuant to the Stipulation, were submitted to Judge Willis for final and binding determinations. The legal issues that were presented to Judge Willis were complex, and each side advocated doggedly. ECF 144-148, 152-156, 159, 167-169. Judge Willis sided with Class Counsel, rejecting the City's reliance on all of the releases at issue. ECF 192. As a result, the City was prevented from blocking these 61 Class Members from receiving an additional total of $4,346,800. Reinert Supp. Decl. ¶ 14.

By thwarting the City's efforts to avoid paying Class Members a total of $6,613,200 based on releases ($2,266,400 through direct advocacy with the City and $4,346,800 through litigation before Judge Willis), Class Counsel prevented the total payout to Class Members from being reduced by 13.5% percent. Reinert Supp. Decl. ¶ 15.

E.  **City Challenges Based on Pre-Trial Detainee Status**

Finally, Paragraph 35 of the Stipulation allowed the City to challenge the eligibility of any person who was not a "Pre-Trial Detainee" as defined in the Stipulation when he or she was subjected to the restrictive confinement at issue. Paragraph 17 of the Stipulation in turn defines that term to mean "any person who was confined in the Subject Housing during the Class Period while (i) awaiting trial and/or not serving a sentence of incarceration; or (ii) under parole supervision and awaiting a parole revocation hearing." The City initially brought challenges against 57 people who it maintained were ineligible for compensation because they were not Pre-Trial Detainees when they served some or all of their time in the relevant facilities. As with the City's release-based challenges, Class Counsel engaged in direct advocacy with the City

6

regarding the validity of the challenges based on these Class Members' status as Pre-Trial Detainees. Ultimately, the City withdrew 36 of the challenges as a result of this advocacy, preserving a total of $165,200 in compensation available to the Class. The City maintained its challenges against a total of 21 Class Members. Class Counsel opposed those challenges. As with the City's release challenges, each side litigated the City's Pre-Trial Detainee challenges doggedly. ECF 144-148, 152-156, 159, 167-169. On this issue, Judge Willis sided with the City. ECF 192. As a result, four Class Members were struck from the Class List and seventeen had their compensation reduced, reducing the total compensation available to the class by $329,250. Reinert Supp. Decl. ¶ 16.

### F. Summary of Final Results

As a result of the City's successful Pre-Trial Detainee challenges, the total number of eligible Class Members was reduced to 4,400, and the total available compensation was reduced to $52,991,500. *Id.* ¶ 17.

After adding the Class Members who validly submitted late claim forms, adding the additional compensation awarded to Class Members who challenged the amount of their compensation, subtracting the Class Members who submitted claims forms but failed to confirm their identity, and subtracting the persons who are not Class Members in light of the City's successful Pre-Trial Detainee challenges, a total of 2,893 Class Members out of 4,400 (65.8%) submitted valid claim forms claiming a total of $49,130,750 out of the $52,991,500 (92.7%) that was made available under the settlement. *Id.* ¶ 18.

### II. THE ATTORNEYS' FEES AND COSTS REQUESTED BY CLASS COUNSEL ARE FAIR AND REASONABLE

When Class Counsel first moved for final approval in January 2024, Class Counsel informed the Court that their lodestar through January 9, 2024 was $2,927,579. Reinert 1/10/24

Decl. (ECF 131-2) ¶¶ 71, 76.  Class Counsel further predicted that their lodestar was likely to increase to at least $3.5 million, if not more, by the end of the case.  *Id*. ¶ 79.  That prediction proved to be overly conservative.

Between January 10 and October 31, 2024, Class Counsel's lodestar increased by $1,181,701, for a new running total, through October 31, 2024, of $4,109,280.[1]  Reinert Supp. Decl. ¶¶ 20-21.  We attribute this greater-than-forecasted increase in our lodestar primarily to three factors:  (1) Class Counsel spent more time than anticipated diligently attempting to locate additional Class Members during the late claims period; (2) Class Counsel spent more time than anticipated diligently litigating the disputed challenges before Judge Willis; and (3) Class Counsel spent more time than anticipated fielding and responding to telephone calls, text messages, and letters from hundreds of actual and putative Class Members, many of whom understandably were expecting to have received checks sooner.  Class Counsel was prepared and pleased to do this additional work, and we are gratified that our efforts helped achieve the extraordinary results we are now reporting.

Between January 10 and October 31, 2024, Class Counsel also incurred an additional $19,067.26 in out-of-pocket costs, for a new running total, through October 31, 2024, of $59,095.44.  Reinert 1/10/24 Decl. (ECF 131-2) ¶ 75; Reinert Supp. Decl. ¶ 22.

As the Court is aware, Class Counsel is requesting a total award, including all attorneys' fees and costs, of 25% of the total amount actually claimed.  The final total amount actually claimed is $49,130,750, meaning that the total amount Class Counsel is requesting, including all

---

[1] In our initial moving brief, we offered to submit our detailed daily time records to the Court for *in camera* review.  ECF 131-1 at 41.  Although the case law does not require the Court to examine Class Counsel's time records when performing the lodestar cross-check, we have carefully reviewed and edited all of our contemporaneous daily time records, and we remain ready to submit them to the Court if the Court wishes.

attorneys' fees and costs, is $12,282,687. Backing the costs out of that figure, Class Counsel is seeking a total of $12,223,591.60 in attorneys' fees.

Based on Class Counsel's interim lodestar of $4,109,280, Class Counsel would be seeking a multiplier of 2.97.

But once again, this case still is far from over. Class Counsel will be required to assist in the supervision of the payment process, helping to ensure that each of the 2,893 Class Members who are participating receives and deposits or cashes his or her checks during the 180-day period before they expire. Given that this is a particularly transient population, many of whom are incarcerated, and many of whom are incarcerated in facilities other than those they reported when they first submitted Claim Forms, this will be a very resource-intensive process, one that Class Counsel will take very seriously. We once again predict that in the end, our final lodestar will increase, conservatively, by at least another $500,000, if not more. Reinert Supp. Decl. ¶ 23. Assuming that estimate is accurate, Class Counsel is seeking a lodestar multiple that in the end will be no more than 2.65.

We respectfully submit that in light of the case law discussed in our initial moving brief, ECF 131-1 at 33-45, the requested attorneys' fees and costs are fair and reasonable and should be awarded.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant the pending motion for final approval of the proposed settlement, finally certify the proposed settlement class, and grant the requests for service awards and attorneys' fees and costs.

Dated: November 18, 2024
New York, New York

9

Respectfully submitted,

_____
Eric Hecker
John R. Cuti
Alexander Goldenberg
Daniel Mullkoff
Jazly Liriano
WANG HECKER LLP
305 Broadway, Sixth Floor
New York, NY 10007
(212) 620-2600

Alexander Reinert
55 Fifth Avenue, Room 1005
New York, NY 10003
(646) 592-6543

*Attorneys for Plaintiffs*

10