UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DAHKEEM MILLER; JOSE GUITY;
TRAVIS BUTLER; ARIAN PERALTA;
GARY GARCIA, JR.; BOBBY
DEE CRUZ, and ISAIAH
MUHAMMAD,
on their own behalf and on
behalf of others similarly
situated,

                  Plaintiffs,

      -v-

CITY OF NEW YORK; CYNTHIA
BRANN; TIMOTHY FARRELL; HAZEL
JENNINGS; and BRENDA COOKE,

                  Defendants.
----------------------------------------------------------------x

21-cv-2616 (PKC) (JW)

ORDER GRANTING FINAL
APPROVAL OF THE CLASS ACTION SETTLEMENT

        This action was commenced on March 25, 2021 against the City of New York (the "City"), Cynthia Brann, the Commissioner of the New York City Department of Corrections ("DOC"), Timothy Farrell, Senior Deputy of DOC and Brenda Cooke, Chief of Staff of the DOC. Plaintiffs Jose Guity, Arian Peralta, Gary Garcia, Jr., Bobby Dee Cruz, and Isaiah Muhammad (the "Class Representatives") alleged that the defendants, acting under color of state law, deprived them of rights protected by the Due Process Clause of the Fourteenth Amendment.[1]

        Specifically, plaintiffs brought claims under section 1983 alleging that

---

[1] To the extent not defined in this Order, the capitalized terms in this Order refer to and incorporate the defined terms in the Settlement.

1

defendants had a policy or practice of placing "problematic" pretrial detainees in solitary confinement at a portion of the West Facility or isolation confinement on the second and third floors of the North Infirmary Command ("NIC") of Riker's Island or the 9 South facility of the Manhattan Detention Complex ("9 South"). 42 U.S.C. § 1983. Plaintiffs alleged that at the West Facility these detainees were housed in solitary confinement at least 23 hours a day and at NIC and 9 South they had contact with one or two inmates a few hours a day. (West Facility, NIC and 9 South are referred to as the "Covered Facilities.")

The Court set a discovery schedule on September 24, 2021 with a fact discovery competition date extended several times and ultimately to March 30, 2023. Plaintiffs' counsel engaged in site visits, obtained and reviewed documents, conducted depositions and retained an expert in the psychological impact of isolation confinement who interviewed the Class Representatives and reviewed their medical and other records. Plaintiffs' counsel uncovered evidence that the Covered Facilities were used for "problematic inmates." The Complaint was twice amended during the course of the litigation.

Concurrently, the Court referred the action to the District's Mediation Program. The Director of the Program, Rebecca Price, served as mediator and conducted ten sessions with the parties. With the assistance of Ms. Price, the City and the Class Representatives (collectively, the "Parties") reached a settlement and entered into a Stipulation of Settlement on or about April 12, 2023 (the "Settlement").

The City has agreed to pay to each Class Member damages in the amount of $400.00 per day for each day he was housed in any of the Covered Facilities during the Class Period, i.e from March 18, 2018 to June 30, 2022. For Class Members diagnosed with a serious mental illness or under the age of 22 during confinement, the payment is increased to

$450.00 per day. Detainees held pursuant to a judicial order requiring separate housing for security purposes or were subject to a short term placement for legitimate contagious-disease reasons are excluded from the payments.

The total potential payments by the City were over $50 million, subject to a potential upward adjustment. The Parties agreed that plaintiffs' counsel could apply for up to 25% of the amount paid to Class Members for attorneys' fees and costs with the amount deducted pro rata from each Class Member's recovery.

On May 8, 2023, the Court conditionally certified the Class, appointed plaintiffs' counsel as Class Counsel, preliminarily approved the Settlement, appointed the Claims Administrator, and directed notice of the Settlement to Class Members (ECF 90) (and subsequently approved a modification to the Settlement that corrected a scrivener's error, ECF 92).

On January 24, 2024, the Court held a Fairness Hearing to determine, among other things, (i) whether the Court should grant final certification of the Class for settlement purposes; (ii) whether the Court should approve the Settlement as fair, reasonable, and adequate; (iii) whether adequate and sufficient notice was given in accordance with this Order; (iv) whether the Class Representatives and Class Counsel fairly and adequately represented the Class for purposes of entering into and administering the Settlement; and (v) whether the Court should approve the requested service award payments to the Class Representatives and the attorneys' fees and costs requested by Class Counsel.

Class Counsel located additional Class Members during a late claims period and fielded numerous inquiries by actual or potential Class Members. The population at issue, many without stable housing or employment, posed difficulties not encountered in, for example,

a securities class action. Through the efforts of Class counsel, more than 65% of the Class Members, 2,893 out of 4,400, are participating in the Settlement. Because of the high rate of participation, $49,130,750 (which amounts to 92.7% of a potential settlement amount of $52,991,500) will be paid by the City to Class Members and their counsel.

Eligibility challenges were referred to Magistrate Judge Jennifer E. Willis under a process agreed to the parties that made her rulings final and non-reviewable. Judge Willis was faced with over 100 eligibility challenges. Judge Willis's diligent exercise of her responsibilities has brought the matter to the point where Final Approval may properly be considered.

Class Counsel now calculates the lodestar (hourly rate of professionals multiplied by the number of hours they spent) to be $4,109,280 in fees and $59,05.44 in costs through October 31, 2024 and expected to rise. Class Counsel seeks 25% of the amount paid to Class Members, inclusive of past and future attorneys' fees and costs. The attorneys' fees portion is $12,223,591.60. Each of the named plaintiffs seeks a differential payment of $20,000 for their service as Class Representatives. As noted, under the terms of the Settlement, attorneys' fees, costs and differential payments are to be deducted from payments to Class Members on a pro rata basis.

Class Counsel moves pursuant to Rule 23(e), Fed. R. Civ. P. for final approval of the Settlement, final certification of the Class, and approval of the requested service award payments to the Class Representatives and the attorneys' fees and costs requested by Class Counsel.

The Court makes the following Findings of Fact and Conclusions of Law:

1. The Court hereby finally certifies the Class pursuant to Rule 23(b)(3) as

consisting of all Pre-Trial Detainees who were confined in the Subject Housing at any time from March 25, 2018 through June 30, 2022 except for Contagious Disease Referral Persons and Lockdown Persons.

    2.    The Court hereby finds pursuant to Rule 23(e)(2) that the Settlement is fair, reasonable, and adequate. In making these findings, the Court has considered the nature of the Class Representatives' and defendants' claims and defenses, the amount of consideration to be paid under the Settlement, the information available to the Parties, whether the Class Representatives and Class Counsel have adequately represented the Class, whether the Settlement was negotiated at arm's length, whether the relief provided to Class Members is adequate, and whether the Settlement treats Class Members equitably relative to each other. Based on these considerations, the Court concludes that (i) the terms of the Settlement are fair and resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Parties and their counsel under the supervision of Ms. Price, an experienced and neutral mediator and (ii) none of the terms and conditions of the Settlement has any obvious deficiencies or improperly grants preferential treatment to any individual Class Representative or Class Member.

    3.    The Court further finds that:

        a.    The Class is ascertainable from defendants' records and/or from objective criteria;

        b.    The Class is so numerous that joinder of all members would be impractical;

        c.    Plaintiffs have alleged one or more questions of fact and law that are common to all Class Members;

    d.  Based on Plaintiffs' allegations that defendants engaged in uniform conduct affecting all Class Members, the Class Representatives' claims are typical of those of the other members of the Class; and

    e.  The Class Representatives have fairly and adequately protected the interests of the members of the Class in that (i) the Class Representatives' interests are consistent with those of the other Class Members, (ii) Class Counsel are able and qualified to represent each of the Class Members, and (iii) the Class Representatives and Class Counsel have fairly and adequately represented all of the Class Members in obtaining monetary relief, and in negotiating and entering into the Settlement.

  4.  The Court further finds that questions of law and/or fact common to Class Members predominate over such questions affecting only individual Class Members and that a class action is superior to all other available methods for the fair and efficient resolution of this Action. In making these final findings, the Court has considered, among other things, (i) Class Members' interests in individually controlling the prosecution of separate actions; (ii) the impracticability or inefficiency of prosecuting separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

  5.  The Court also has considered, among other factors, (i) the nature and strength of the claims and defenses asserted by plaintiffs and defendants; (ii) the risk, expense, complexity, and likely duration of further litigation and the ability to collect on any judgment obtained; (iii) the amount and kinds of benefits offered in the Settlement; (iv) the allocation of proceeds of the Settlement among Class Members; (v) the stage of the proceedings at which the Settlement was reached; (vi) the information available to the Parties and the Court;

(vii) the experience and views of the Parties' counsel; (viii) reactions to the Settlement, including the number of objections filed by Class Members and the number of exclusion requests submitted by Class Members; (ix) the submissions and arguments made throughout these proceedings by the Parties; and (x) the submissions and arguments made in connection with and at the January Fairness Hearing.

6. The Court hereby confirms (i) its appointment of Jose Guity, Arian Peralta, Gary Garcia, Jr., Bobby Dee Cruz, and Isaiah Muhammad to be the Class Representatives, and (ii) its appointment of Wang Hecker LLP (formerly Cuti Hecker Wang LLP) and Alexander A. Reinert to be Class Counsel pursuant to Rule 23(g).

7. The Court confirms the appointment of Rust Consulting, Inc. to serve as the Administrator.

8. The Court finds that the distribution of the Notices and Claim Forms and the notice methodology implemented by the Parties complied with the Court's preliminary approval order and confirms its prior finding that such notice (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the nature and terms of the Settlement, the effect of the Settlement, Class Members' right to object to the Settlement, the right of Class Members to exclude themselves from the Class, and the right of Class Members who submitted objections to appear at the Fairness Hearing; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice (including any state and/or federal authorities entitled to receive notice under the Class Action Fairness Act); and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process

Clause), the Rules of this Court, and any other applicable law.

9. The Court has considered the Objections to the Settlement submitted by various Class Members and finds them to have presented insufficient bases for declining to approve the Settlement. The Court finds that (i) Class Members who were diagnosed with a Serious Mental Illness during their confinement in a Covered Facility are being paid an enhancement; (ii) it is standard practice for defendants to decline to admit liability in settlement; (iii) it is reasonable for the City to decline to waive child support liens, final parking, Environmental Control Board, and/or business tax judgments, federal Medicare liens, and for the Parties to comply with the legal requirements of New York Executive Law § 632-a; (iv) there is no evidence of collusion between Class Counsel and defense counsel or any other impropriety in this Action; and (v) to the extent any Objector wanted to pursue his own individual claim, he was entitled to opt out of the Settlement and do so.

10. The Court further finds that the requested service awards of $20,000 to each of the Class Representatives are fair and reasonable and warranted by the unusual composition the Class.

11. The Court finds that the attorneys' fees and costs requested by Class Counsel are fair and reasonable. Class Counsel are hereby awarded a total of 25% of the total amount claimed on the Amended Class List for attorneys' fees and costs. The Court notes that the attorneys' fees being awarded constitute a lodestar multiplier of 2.97 based on Class Counsel's lodestar through October 31, 2024, and that the multiplier will be further reduced as Class Counsel continue to perform services during the forthcoming Class Member payment phase. The Court finds that the structure of Class Counsel's proposed attorneys' fees, i.e. 25 percent of the total amount actually claimed by Class Members, as opposed to the total amount

theoretically made available to Class Members, appropriately incentivized Class Counsel to work diligently to ensure the greatest participation rate achievable under the circumstances.

12. The Court will separately enter Judgment in accordance with Rule 58, Fed. R. Civ. P. The Court expressly retains jurisdiction over the Settlement, the Parties to the Settlement, Class Members, and anyone else who appeared before this Court for all matters relating to the Settlement, including the making of payments to Class Members, the implementation and enforcement of the terms of the Settlement and of this Order, and for any other reasonably necessary purpose.

CONCLUSION

The Motion for Final Approval (ECF 131) is GRANTED, the Letter Motion to Expedite Production of Certain Discovery (ECF 165) is DENIED as moot and the Letter Motion to Seal (ECF 172) is GRANTED. Class Counsel shall submit a proposed Final Judgment within 21 days and objection shall be filed no later than 7 days thereafter.

SO ORDERED.

Dated: New York, NY
       December 19, 2024

_____
P. Kevin Castel
United States District Judge