UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DAHKEEM MILLER; JOSE GUITY;
TRAVIS BUTLER; ARIAN PERALTA;
GARY GARCIA, JR.; BOBBY DEE
CRUZ, and ISAIAH MUHAMMAD,
on their own behalf and on behalf
of others similarly situated,

                Plaintiffs,

-v-

CITY OF NEW YORK; CYNTHIA BRANN;
TIMOTHY FARRELL; HAZEL JENNINGS;
and BRENDA COOKE,

                Defendants.
-------------------------------------------------------X

Case No. 21-cv-2616 (PKC) (KNF)

**STIPULATION AND
[PROPOSED] ORDER**

      This Stipulation (the "Stipulation") is made and entered into on this 22nd day of April, 2025 between the City of New York (the "City") and Plaintiffs Jose Guity, Arian Peralta, Gary Garcia, Jr., Bobby Dee Cruz, and Isaiah Muhammad (collectively, the "Class Representatives"). The City and the Class Representatives shall be referred to herein collectively as the "Parties."

      WHEREAS, this action was commenced on or about March 25, 2021;

      WHEREAS, the Parties entered into a Stipulation of Settlement on or about April 12, 2023;

      WHEREAS; the Court preliminarily approved the proposed settlement and conditionally certified the class on or about May 8, 2023;

      WHEREAS, the Court finally approved the proposed settlement and finally certified the class on or about December 20, 2024;

WHEREAS, the Court entered final judgment on or about December 30, 2024, retaining exclusive and continuing jurisdiction over the settlement;

WHEREAS, Garland Battle was listed on the initial class list and is a class member;

WHEREAS, class member Garland Battle timely submitted a claim form and is entitled to receive $5,600.00, less 25% for attorneys' fees and costs, in connection with this class action settlement;

WHEREAS, due to an administrative error, class member Garland Battle's claim form was not processed, and he is not listed on the Final Class List;

WHEREAS, the City, the Administrator, and Class Counsel mutually agree that class member Garland Battle should be paid $4,200.00 in connection with this class action settlement;

WHEREAS, the City, the Administrator, and Class Counsel further agree that class member Garland Battle shall be bound by all of the terms of the Stipulation of Settlement, including without limitation the release terms and lien terms contained therein;

WHEREAS, the City, the Administrator, and Class Counsel further agree that nothing in this Stipulation should in any way affect the processing of any payments to any other class members; and

WHEREAS, Class Counsel has agreed to waive any fees or costs in connection with the payment to class member Garland Battle;

NOW, THEREFORE, the Parties hereby STIPULATE AND AGREE as follows:

1. Within thirty (30) days that this Stipulation is so-ordered by the Court, the City shall cause $4,200.00 to be transferred to Rust Consulting ("Rust").

2. The payment contemplated in Paragraph 1 shall be subject to any liens or judgments that the City may be entitled to assert pursuant to the Stipulation of Settlement. The

procedures applicable to such liens and judgments set forth in the Stipulation of Settlement, including but not limited to paragraphs 161, 164, 173, 174 and 175, shall apply to the payment agreed to herein, except that the City shall provide notice to Rust of any liens or judgments asserted by the City within 30 days of the entry of this Order.

3. Within ten (10) days that the payment required by Paragraph 1 is made by the City to Rust Consulting, Rust Consulting shall cause the payment amount (for the avoidance of doubt, $4,200.00 less any liens that the City may assert pursuant to the Stipulation of Settlement) to be paid to Class Member Garland Battle by check mailed to the address he has designated.

4. Class member Garland Battle shall by bound by all of the terms of the Stipulation of Settlement, including without limitation the release terms contained therein.

5. Class Counsel shall not receive any additional fees or costs in connection with the payment contemplated in Paragraph 1.

6. Nothing in this Stipulation shall in any way affect any payment to any other class members pursuant to the Stipulation of Settlement.

7. This Stipulation constitutes the entire agreement between and among the Parties hereto with respect to the matters covered hereby and supersedes any prior or contemporaneous agreement, understanding, or undertaking, written or oral, by or between or among the Parties.

8. This Stipulation shall not be admissible in any action or proceeding except as necessary to enforce its terms and obligations, including but not limited to as necessary to establish the preclusive effect of this Stipulation in other actions.

9. The City and Class Counsel shall be deemed to have participated fully in the drafting, review, and revision of this Stipulation. Any rule of construction to the effect that

ambiguities are to be resolved against the drafting party shall not apply in interpreting this Stipulation.

10. The signatories to this Stipulation represent that they are fully authorized to enter into this Stipulation and to bind the Parties to the terms and conditions hereof, subject to Court approval.

11. The Parties acknowledge that they each have voluntarily entered into this Stipulation after consulting with counsel, and that no promises or representations were made to them by any person to induce them to enter into this Stipulation other than the express terms set forth herein.

12. No term or provision of this Stipulation may be varied, changed, modified, waived, discharged, or terminated orally, but only by an instrument in writing signed by the Party against whom the enforcement of the variation, change, modification, waiver, discharge, or termination is sought and approved by the Court.

13. The Court shall retain jurisdiction over this action to ensure the fair and effective implementation and enforcement of the terms of this Stipulation, and the Parties and the Class Members hereby submit to the exclusive jurisdiction of the Court for purposes of implementing and enforcing the terms of this Stipulation.

14. This Stipulation may be executed simultaneously in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Copies of this Stipulation shall have the same force and effect as an original, and each of the Parties hereby expressly waives any right to assert that such copies fail to comply with the "Best Evidence" rule of the Federal Rules of Evidence or any equivalent rule

of law or evidence of any other jurisdiction. Signatures by facsimile, .pdf, or other electronic imaging shall be deemed to constitute original signatures.

| For the Class Representatives: | For the Defendants: |
|---|---|
| *[signature]*<br><br>Eric Hecker<br>John R. Cuti<br>Alexander Goldenberg<br>Daniel Mullkoff<br>CUTI HECKER WANG LLP<br>305 Broadway, Sixth Floor<br>New York, New York 10007<br>(212) 620-2600<br><br>Alexander Reinert<br>55 Fifth Avenue, Room 1005<br>New York, NY 10003<br>(212) 790-0403 | HON. SYLVIA O. HINDS-RADIX<br>Corporation Counsel of the<br>   City of New York<br>*Attorney for Defendants*<br><br>By: *Alan Scheiner*<br>   Alan H. Scheiner<br>   Senior Counsel<br><br>Special Federal Litigation Division<br>NYC Law Department<br>100 Church Street, 3rd Floor<br>New York, New York 10007 |
| SO ORDERED:<br><br>*[signature]*<br>HON. P. KEVIN CASTEL<br>U.S. District Judge<br><br>Date: 4-24-25 | |

5